# EXHIBIT A

318

# State of Rhode Island and Providence Plantations

NOV 1 2006

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No.
06-5709

WANDA ESCOBEDO, et. al.
**Plaintiff**

THE CITY OF PROVIDENCE
**Defendant**

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Michael W. Long, Esq. Plaintiff's attorney, whose address is 640 George Washington Hwy., Lincoln, RI 02865 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: October 31, 2006

(Seal of the Superior Court)

DATE 11/1/06
A TRUE COPY ATTEST
FRANK V CATAMERO
R.I. CONSTABLE # 6022

S- 135 (REV. 10/00)

STATE OF RHODE ISLAND
PROVIDENCE. Sc.

SUPERIOR COURT

**WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, **LUIS DELEON**, *Father of Joseline Cuc*, and **ANA M. CUC**, *Mother of Joseline Cuc*;
Plaintiffs

vs.

**THE CITY OF PROVIDENCE, THE PROVIDENCE SCHOOL DEPARTMENT**, *and* **STEPHEN T. NAPOLITANO**, *in his capacity as Treasurer of the City of Providence*, **DONNIE EVANS**, *in his capacity as Superintendent of the Providence School Department*, **MELODY A. JOHNSON**, *individually and in her capacity as former Superintendent of the Providence School Department*, **DINAH LARBI**, *individually and in her capacity as Principal of Samuel W. Bridgham Middle School*, **SEY SEY KAMARA**, *individually and in his capacity as an employee of the Providence School Department*, **DIANE MARTIN**, *individually and in her capacities as an employee of the Providence School Department and School Nurse at the Bridgham Middle School*, **JOHN and JANE DOE**, *individually and in their respective official capacities*;
Defendants

C.A. No. 06-5709

## COMPLAINT

This action seeks damages stemming from the wrongful acts and omissions of defendants regarding the death on May 20, 2005, of Joseline Cuc, ("Joseline"), a seventh grade student at the Samuel W. Bridgham Middle School, Providence, Rhode Island.

## PARTIES

1. Plaintiff Wanda Escobedo is the Executrix of the Estate of Joseline Cuc and a Rhode Island resident.

2. Plaintiff Luis Deleon is the father of Joseline Cuc and a Rhode Island resident.

3. Plaintiff Ana M. Cuc is the mother of Joseline Cuc and a Rhode Island resident.

4. Defendant City of Providence is a Rhode Island municipality, named as a defendant in that capacity and in the capacity of a "person" for purposes of this action under 42 U.S.C. §1983.

5. Defendant Providence School Department, a department of the City of Providence, operates and otherwise has responsibility for all public schools in the City of Providence, including the Samuel W. Bridgham Middle School, ("Bridgham Middle School").

6. Defendant Stephen T. Napolitano is the Treasurer of the City of Providence and is named as a defendant in his official capacity only. Upon information and belief, Mr. Napolitano is a resident of Rhode Island.

7. Defendant Donnie Evans is the current Superintendent of the Providence School Department and is named as a defendant in his official capacity only. Upon information and belief, Mr. Evans is a resident of Rhode Island.

8. Defendant Melody A. Johnson is the former Superintendent of the Providence School Department, holding such office during all relevant times alleged in this complaint. Ms. Johnson is named as a defendant in both her official and individual capacities, and upon information and belief, was a resident of Rhode Island during all relevant times alleged herein and is a current resident of the State of Texas.

9. Defendant Dinah Larbi was Principal of the Bridgham Middle School and an employee and agent of the Providence School Department during all relevant times alleged in this complaint. Ms. Larbi is named as a defendant in both her official and individual capacities, and upon information and belief, is a resident of Rhode Island.

10. Defendant Sey Sey Kamara was a teacher at the Bridgham Middle School and an employee and agent of Providence School Department during all relevant times alleged in this complaint. Mr. Kamara is named as a defendant in both his official and individual capacities, and upon information and belief, is a resident of Rhode Island.

11. Defendant Diane Martin was the school nurse at Bridgham Middle School and an employee and agent of Providence School Department during all relevant times alleged in this complaint. Ms. Martino is named as a defendant in both her official and individual capacities, and upon information and belief, is a resident of Rhode Island.

12. Upon information and belief, defendants John and Jane Doe are unidentified employees or agents of the City of Providence or Providence School Department. They are named as defendants in both their official and individual capacities.

## JURISDICTION

13. This Court has jurisdiction pursuant to Rhode Island General Law §8-2-14 as plaintiffs' damages exceed $10,000.

14. This Court has concurrent jurisdiction over plaintiffs' claims for violations of Joseline's federal constitutional rights.

15. Plaintiffs have complied with R.I.G.L. §45-15-5 by presenting a particular account of their claim to the Providence City Council. More than forty (40) days have passed without response from the City of Providence.

## FACTS

16. Joseline Johana Cuc, born June 18, 1992, suffered cardiac arrest in the hallway of the Bridgham Middle School and died on May 20, 2005, at the age of 12.

17. Prior to Joseline's death, defendants City of Providence, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does knew that Joseline returned to school on September 3, 2003, "following open heart surgery."

18. Prior to Joseline's death, defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does knew that on September 8, 2004, Joseline experienced "a bout of chest pain during science class..." while at the Bridgham Middle School.

19. Prior to Joseline's death, defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does knew that on November 8, 2004. Joseline had an "episode of chest pain...during school while at the computer...She went to the school nurse..."

20. Prior to Joseline's death, defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does had in their possession an October 18, 2004, letter from Joseline's cardiac physician warning that Joseline had "limited physical capacity because of her cardiac condition" and that "[e]xcessive physical contact could be life threatening."

21. As soon as defendant Diane Martin, the Bridgham Middle School Nurse, saw Joseline lying on the floor of the hallway of the Bridgham Middle School on May 20, 2005, she knew "it was Joseline and knew she had a cardiac problem."

22. Immediately prior to her death on May 20, 2005, Joseline became engaged in

a physical confrontation with a classmate and her science teacher, defendant Sey Sey Kamara, inside the science classroom at the Bridgham Middle School.

23. Mr. Kamara physically pulled Joseline away from another student, ejected her from the classroom, and refused to let her renter despite Joseline's attempts to do so.

24. At 12:10 p.m. on May 20, 2006, Mr. Kamara informed the principal's office at the Bridgham Middle School that he ejected Joseline from his classroom.

25. Despite knowledge that Joseline suffered from a serious heart condition, Mr. Kamara did nothing to ensure Joseline's safety after he ejected her from the classroom.

26. After receiving notification from Mr. Kamara that he ejected Joseline from his classroom, and despite knowledge of Joseline's serious heart condition, no one in the principal's office at the Bridgham Middle School did anything to check on the safety of Joseline.

27. Fifteen minutes after Mr. Kamara notified the principal's office at Bridgham Middle School of Joseline's ejection from the classroom, one of Joseline's classmates found her alone, "collapsed in the hallway...[at] 12:25 p.m."

28. Joseline suffered extreme pain and suffering before she died.

29. After being found alone in the hallway, Joseline was observed struggling to breath and gasping for breath. At one point, she stopped breathing and then briefly breathed again.

30. The Providence Fire Department Rescue unsuccessfully attempted to intubate and place an IV in Joseline's arm. The rescue personnel also delivered electrical shocks in an attempt to keep Joseline alive.

31. The staff at Hasbro Children's Hospital, Providence, Rhode Island administered powerful drugs and additional electrical shocks to Joseline.

32. Medical expenses stemming from the efforts to keep Joseline alive on May 20, 2006, total $8,000.

33. In an official statement released by Providence School Superintendent Melody A. Johnson after Joseline's death, the Providence School Department falsely told Joseline's family and various news organizations investigating the matter, that:

> **The rumor that deceased Bridgham Middle School student Joseline Cuc...prior to her death was touched or physically harmed in an incident with another student is false.**

34. Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. §794), and attendant federal regulations, required that defendants perform a functional analysis of, and planning for health and safety issues related to, the physical impairment substantially limiting Joseline's major life activities.

35. R.I.G.L. §16-21-7 required that defendants maintain a health program for Joseline providing for "the organized direction and supervision of a healthful school environment...and services."

36. R.I.G.L. §16-21-23 required defendants to implement a "comprehensive school safety plan regarding crisis intervention, emergency response, and management" for the protection of Joseline.

37. R.I.G.L. §16-21-24 required defendants to adopt and enforce proper policies and procedures to protect Joseline.

38. The Rhode Island Department of Elementary and Secondary Education Rules and Regulations for School Health Programs, (the "State Regulations"), Section 1.22, required defendants to provide "[i]ndividualized health services...to individual students who attend school within the community which are specific to the health needs of the individual student..."

39. Section 17.11.4 of the State Regulations required defendants to establish "[p]rotocols or procedures...to require an individualized emergency plan for a student at risk for anaphylaxis, asthmatic conditions and/or any other medical emergencies, as defined in section 1.12 herein."

40. Section 1.12 of the State Regulations defines emergencies as "a medical or psychological condition where the absence of immediate intervention could reasonably be expected to result in placing the student's health (or another student's health) in serious jeopardy; serious impairment to bodily or psychological functions; or serious dysfunction of any bodily organ or part."

41. Sections 17.11.3 and 17.11.3.5 of the State Regulations required defendants to maintain "[f]or each student, emergency information...documented and updated on an annual basis. Such emergency information shall include no less than the following;...medical conditions that may need attention (e.g., past surgeries, heart problems, seizure disorders, nosebleeds, diabetes)."

42. Section 14.11, *et. seq.*, of the Regulations required defendants to maintain "Health Records...containing information on a "treatment plan" for Joseline's chronic condition.

**COUNT I**
**(Death by Wrongful Act, R.I.G.L. §10-7-1, *et. seq.* )**

43. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 42 above.

44. Defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does owed Joseline duties imposed by common law, state and federal laws and regulations, and the United States Constitution to protect Joseline's health, safety and welfare while at Bridgham Middle School.

45. Defendants City of Providence, Providence School Department, Melody A. Johnson. Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does knew of Joseline's serious heart condition before her death.

46. Despite knowledge of Joseline's perilous circumstances and their ability to abate the danger to her, defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does negligently, recklessly, and with deliberate or callous indifference failed to do so.

47. Defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does failed to properly evaluate, plan for, or otherwise take any action which would have increased Joseline's chances of survival.

48. The wrongful acts and omissions of defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does were injurious to Joseline and her death was a foreseeable consequence of those acts and omissions.

49. The wrongful acts and omissions of defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does were in accordance with established policy or longstanding practice or custom constituting the standard operating procedure of the City of Providence and/or Providence School Department, or were otherwise ratified and authorized by said defendants.

50. The wrongful acts and omissions of defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does constitute constitutional violations of Joseline's rights,

privileges, and entitlements secured by the United States Constitution and other laws of the United States.

65. Defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does negligently, recklessly, and with deliberate or callous indifference deprived Joseline of her clearly established 14th Amendment right to life and physical safety.

66. Defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does acted negligently, recklessly, and with deliberate indifference in creating circumstances which forced Joseline into a position of peril despite the defendants actual knowledge of those perilous circumstances and their ability to abate the danger.

67. The wrongful acts and omissions of defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does constitute arbitrary and capricious governmental action with no substantial relation to the public heath, safety, morals, or general welfare, in violation of the substantive due process rights of Joseline.

68. Defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does were aware of a substantial risk of harm regarding Joseline and their wrongful acts and omissions constitute egregious and outrageous conduct and circumstances which shock the conscious.

69. The wrongful acts and omissions of defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does constitute the moving force behind and are closely related to the deprivation of Joseline's constitutional rights.

70. The direct. legal and proximate result of defendants' wrongful acts and omissions caused or substantially contributed to Joseline's death and defendants are liable for compensatory, consequential, and punitive damages, accrued interest, costs, fees, and expenses.

**COUNT IV**
**(Loss of Society and Companionship, R.I.G.L. §10-7-1.2)**

71. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 70 above.

72. As a result of the wrongful acts and omissions of defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does, plaintiffs Luis Deleon and Ana M. Cuc have suffered the loss of Joseline's protection, care, assistance, society, companionship and comfort.

73. . The direct, legal and proximate result of defendants' wrongful acts and omissions caused or substantially contributed to Joseline's death, thereby causing plaintiffs Luis Deleon and Ana M. Cuc damages, and defendants are liable for compensatory, consequential, accrued interest, costs, fees, and expenses.

**COUNT V**
**(Declaratory Judgment)**

74. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 73 above.

75. As a direct, legal and proximate result of the wrongful acts and omissions of defendants City of Providence, Providence School Department, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin, and John and Jane Does, plaintiffs are entitled to declaratory judgment mandating that defendants City of Providence, Providence School Department, and Providence Superintendent Donnie Evans implement measures and corrective action to ensure future compliance with 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, and all

other applicable state and federal laws and regulations for students similarly situated to Joseline prior to her death.

WHEREFORE, Plaintiffs demand judgment in their favor as follows:

I. With respect to Counts I and II, a monetary judgement for compensatory and consequential damages, accrued interest, costs, fees and expenses.

II. With respect to Count III, a monetary judgment for compensatory, consequential, and punitive damages, accrued interest, costs, fees, and expenses.

III. With respect to Count IV, a monetary judgement for compensatory and consequential damages, accrued interest, costs, fees and expenses.

IV. With respect to Count V, Judgment ordering defendants City of Providence, Providence School Department, and Superintendent Donnie Evans to implement measures and corrective action to ensure future compliance with 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, and all other applicable state and federal laws and regulations for students similarly situated to Joseline prior to her death.

V. Attorney fees pursuant to 42 U.S.C. §1988; 29 U.S.C. §794a; and, any other applicable law or regulation of the State of Rhode Island or the United States.

VI. Such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby demand trial by jury on all counts of this Complaint.**

Dated: October 31, 2006

Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310
(401) 333-0311 Fax