CA 06 502 ML

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**WANDA ESCOBEDO,** in her capacity as the Executrix of the Estate of Joseline Cuc, **LUIS DELEON,** Father of Joseline Cuc, and **ANA M. CUC,** Mother of Joseline
(Plaintiffs)

C.A. NO.

vs

**THE CITY OF PROVIDENCE, THE PROVIDENCE SCHOOL DEPARTMENT,** and **STEPHEN T. NAPOLITANO,** in his Capacity as Treasurer of the City of Providence, **DONNIE EVANS,** in his capacity as Superintendent of the Providence School Department, **MELODY A. JOHNSON,** individually and in her capacity as former Superintendent of the Providence School Department, **DINAH LARBI,** individually and in her capacity as Principal of Samuel W. Bridgham Middle School, **SEY SEY KAMARA,** individually and in his capacity as an employee of the Providence School Department, **DIANE MARTIN,** individually and in her capacities as an employee of the Providence School Department and School Nurse at the Brigham Middle School, **JOHN AND JANE DOE,** individually and in their respective official capacities
(Defendants)

## ANSWER TO COMPLAINT

Now come the Defendants in the above entitled matter and hereby respond to Plaintiff's Complaint as follows:

### PARTIES

1. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

2. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

3. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Defendants admit that the Providence School Department is a department of the City of Providence but deny the accuracy of the remainder of the legal characterization set forth.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Paragraph 12 of Plaintiffs' Complaint requires no response from these Defendants. To the extent that it does, Defendants deny same.

## JURISDICTION

13. Defendants deny generally and specifically the allegation contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

## FACTS

16. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

17. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

18. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

19. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

20. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

21. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

22. Defendants deny that the decedent became engaged in a physical confrontation with her science teacher. With respect to the remaining allegations, Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations and leave Plaintiffs to their proof thereof.

23. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

24. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

25. Defendants deny generally and specifically the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny generally and specifically the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

28. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

29. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

30. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

31. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 31 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

32. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 32 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

33. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

34. Paragraph 34 of calls for a legal conclusion to which no response is required of these Defendants.

35. Paragraph 35 of calls for a legal conclusion to which no response is required of these Defendants.

36. Paragraph 36 of calls for a legal conclusion to which no response is required of these Defendants.

37. Paragraph 37 of calls for a legal conclusion to which no response is required of these Defendants.

38. Paragraph 38 of calls for a legal conclusion to which no response is required of these Defendants.

39. Paragraph 39 of calls for a legal conclusion to which no response is required of these Defendants.

40. Paragraph 40 of calls for a legal conclusion to which no response is required of these Defendants.

41. Paragraph 41 of calls for a legal conclusion to which no response is required of these Defendants.

42. Paragraph 42 of calls for a legal conclusion to which no response is required of these Defendants.

**COUNT I**
**(Death by Wrongful Act, R.I.G.L. §10-7-1, et. seq.)**

43. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 42 above, as if fully stated herein.

44. Defendants deny generally and specifically the allegations contained in Paragraph 44 of Count I of Plaintiffs' Complaint.

45. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 45 of Count I of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

46. Defendants deny generally and specifically the allegations contained in Paragraph 46 of Count I of Plaintiffs' Complaint.

47. Defendants deny generally and specifically the allegations contained in Paragraph 47 of Count I of Plaintiffs' Complaint.

48. Defendants deny generally and specifically the allegations contained in Paragraph 48 of Count I of Plaintiffs' Complaint.

49. Defendants deny generally and specifically the allegations contained in Paragraph 49 of Count I of Plaintiffs' Complaint.

50. Defendants deny generally and specifically the allegations contained in Paragraph 50 of Count I of Plaintiffs' Complaint.

51. Defendants deny generally and specifically the allegations contained in Paragraph 51 of Count I of Plaintiffs' Complaint.

**COUNT II**
**(Negligence)**

52. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 51 above, as if fully stated herein.

53. Defendants deny generally and specifically the allegations contained in Paragraph 53 of Count II of Plaintiffs' Complaint.

54. Defendants deny generally and specifically the allegations contained in Paragraph 54 of Count II of Plaintiffs' Complaint.

55. Defendants deny generally and specifically the allegations contained in Paragraph 55 of Count II of Plaintiffs' Complaint.

56. Defendants deny generally and specifically the allegations contained in Paragraph 56 of Count II of Plaintiffs' Complaint.

57. Defendants deny generally and specifically the allegations contained in Paragraph 57 of Count II of Plaintiffs' Complaint.

58. Defendants deny generally and specifically the allegations contained in Paragraph 58 of Count II of Plaintiffs' Complaint.

59. Defendants deny generally and specifically the allegations contained in Paragraph 59 of Count II of Plaintiffs' Complaint.

60. Defendants deny generally and specifically the allegations contained in Paragraph 60 of Count II of Plaintiffs' Complaint.

61. Defendants deny generally and specifically the allegations contained in Paragraph 61 of Count II of Plaintiffs' Complaint.

62. Defendants deny generally and specifically the allegations contained in Paragraph 62 of Count II of Plaintiffs' Complaint.

**COUNT III**
**(Deprivation of Joseline's Federal Constitutional Rights)**

63. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 62 above, as if fully stated herein.

64. Defendants deny generally and specifically the allegations contained in Paragraph 64 of Count III of Plaintiffs' Complaint.

65. Defendants deny generally and specifically the allegations contained in Paragraph 65 of Count III of Plaintiffs' Complaint.

66. Defendants deny generally and specifically the allegations contained in Paragraph 66 of Count III of Plaintiffs' Complaint.

67. Defendants deny generally and specifically the allegations contained in Paragraph 67 of Count III of Plaintiffs' Complaint.

68. Defendants deny generally and specifically the allegations contained in Paragraph 68 of Count III of Plaintiffs' Complaint.

69. Defendants deny generally and specifically the allegations contained in Paragraph 69 of Count III of Plaintiffs' Complaint.

70. Defendants deny generally and specifically the allegations contained in Paragraph 70 of Count III of Plaintiffs' Complaint.

**COUNT IV**
**(Loss of Society and Companionship, R.I.G.L. §10-7-1.2)**

71. Defendants hereby incorporate by reference their answers to Paragraph 1 through 70 above, as if fully stated herein.

72. Defendants deny generally and specifically the allegations contained in Paragraph 72 of Count IV of Plaintiffs' Complaint.

73. Defendants deny generally and specifically the allegations contained in Paragraph 73 of Count IV of Plaintiffs' Complaint.

**COUNT V**
**(Declaratory Judgment)**

74. Defendants hereby incorporate by reference their answers to Paragraphs 1 through 73 above, as if fully stated herein.

75. Defendants deny generally and specifically the allegations contained in Paragraph 75 of Count V of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. At all times material hereto, Defendants acted with due care.

2. Plaintiffs fail to state a cause of action upon which relief may be granted.

3. Plaintiffs were and/or contributorily negligent.

3. Plaintiffs assumed the risk of harm to the decedent.

4. Defendants assert the defense pursuant to R.I. Gen. Laws § 9-31-3, limiting damages to the sum of One Hundred Thousand Dollars ($100,000.00).

5. Defendants assert the defense pursuant to R.I. Gen. Laws § 45-15-5.

6. Defendants assert the defense of the Public Duty Doctrine.

7. The individual Defendants are not liable to the Plaintiffs in their individual capacities.

8. Plaintiffs have failed to serve the Complaint properly on all Defendants.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be denied and dismissed, that judgment enter for these Defendants and that Defendants be granted their costs and attorneys fees.

Defendants,

City of Providence, the Providence School Department, Stephen T. Napolitano, Donnie Evans, Melody A. Johnson, Dinah Larbi, Sey Sey Kamara, Diane Martin and John and Jane Doe

By their Attorney:

JOSEPH M. FERNANDEZ,
CITY SOLICITOR

Sara A. Rapport, (#6184)
Senior Assistant City Solicitor
City of Providence – Law Department
275 Westminster Street Suite 200
Providence, Rhode Island 02903
(401) 421-7740 Ext. 385
(401) 351-7596 Fax
Email: srapport@providenceri.com

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to the Attorney of Record as listed below on this 17th day of November, 2006.

Michael W. Long, Esquire
640 George Washington Highway
Lincoln, Rhode Island 02865