**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, et. al.; Plaintiffs | ) | C.A. No. 06-502ML |
| vs. | ) | |
| **THE CITY OF PROVIDENCE,** et. al.**;** Defendants | ) | |

**PLAINTIFFS' RULE 16 STATEMENT**

Plaintiffs seek damages and declaratory judgment stemming from the wrongful acts and omissions of defendants which caused the death of Joseline Cuc, ("Joseline"), a seventh grade student at the Samuel W. Bridgham Middle School, Providence, Rhode Island, on May 20, 2005.

**Factual Summary**

While in the hallway of the Samuel W. Bridgham Middle School, (the "Bridgham Middle School"), Joseline suffered sudden cardiac arrest and died. The defendants in this matter knew Joseline suffered from severe heart disease, had limited physical capacity, and that excessive physical contact could be life threatening to Joseline. In spite of this, none of the defendants ever took any steps to protect her.

Immediately prior to her death, Joseline was involved in a physical confrontation with a classmate and her science teacher, Sey Sey Kamara. Mr. Kamara ejected Joseline from his classroom after physically restraining her. Immediately after being ejected from the classroom, Joseline repeatedly tried to renter. Mr. Kamara refused to let Joseline back into the classroom. Mr. Kamara never checked on Joseline in any manner, nor did he do anything else regarding her welfare after ejecting her from his classroom.

The principal's office at Bridgham Middle School knew of this incident involving Joseline, including her ejection from in Mr. Kamara's classroom. No one in the principal's office did anything regarding Joseline's welfare, either. Fifteen minutes after her ejection from Mr. Kamara's classroom, one of Joseline's fellow students found her on the floor of the hallway right outside of Mr. Kamara's classroom, dying from heart failure.

Upon learning of Joseline's death, the local television media aired several news segments over the next two days. In an official statement, the Providence School Department blatantly tried to hide the truth about what actually happened in the incident involving Joseline by telling both her family and the news media that no physical altercation took place involving Joseline and that "rumors" to the contrary were "false." The statements to the media and Joseline's family are directly contradicted by defendants' own contemporaneous records. In addition, the majority of the operative facts alleged in the complaint also come directly from defendants' own records.

**Legal Issues**

Plaintiffs' complaint alleges defendants are liable for Joseline's Death by Wrongful Act, as set out in R.I.G.L. §10-7-1, et. seq. The complaint also alleges violation of Joseline's constitutional 14th Amendment right to life and physical safety, violation of Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. §794), negligence, recklessness, and deliberate or callous indifference on the part of defendants.

In addition to the recovery of monetary damages, plaintiffs also seek a declaratory judgment mandating that the City of Providence, the Providence School Department, and current Providence Superintendent Donnie Evans implement measures and corrective action to ensure future compliance with 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, and all other applicable state and federal laws and regulations, for students similarly situated to Joseline.

This case involves several questions of law, some of which may be ripe for decision by the Court. Preliminarily, defendants have asserted an affirmative defense pursuant to R.I.G.L. §45-15-5. If applicable, this case should not proceed any further until plaintiffs have met the requirements of that statute. Defendants also assert specific affirmative defenses alleging that this Court lacks personal jurisdiction over one defendant, Melody A. Johnson, former Superintendent of Schools, and that service upon Ms. Johnson, a current resident of Texas, is defective. Similarly, defendants also assert that plaintiffs "have failed to serve the complaint properly on all defendants." Early resolution of these issues would assist the parties in moving forward.

Defendants also assert the Rhode Island Public Duty Doctrine and the Rhode Island Tort Claims Act, R.I.G.L. §9-31–1, et seq., as affirmative defenses. Another legal issue concerns the individual liability of several of the named defendants and the applicability of R.I.G.L. §9-1-31 on the assertion of defendants affirmative defense on this point. These issues could have an affect on any settlement discussions prior to trial.

Counsel for plaintiffs anticipates asking the Court to deem some allegations of the complaint admitted, or require that defendants provide either an explicit admission or denial, as defendants claim that they can neither admit nor deny due to insufficient knowledge or information. Plaintiffs will also ask the Court to order that defendants present sufficient evidence related to their affirmative defense that plaintiffs "fail to state a cause of action upon which relief may be granted."

Dated: December 19, 2006

/s/________________________________
Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310/(401) 333-0311 Fax

**CERTIFICATE OF SERVICE**

To:

Sara A. Rapport, Esq.
City of Providence-Law Department
275 Westminster Street, Suite 200
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel a copy of Plaintiffs' Rule 16 Statement on the 19th day of December, 2006.

/s/______________________________
Michael W. Long