**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, et. al.*;* Plaintiffs | ) | C.A. No. 06-502ML |
| vs. | ) | |
| **THE CITY OF PROVIDENCE,** et. al.**;** Defendants | ) | |

**<u>PLAINTIFFS' MOTION TO ENLARGE DATES SET BY PRETRIAL ORDER</u>**

Pursuant to Fed. R. Civ. P. 6(b) and 16 and DRI LR Cv 7, plaintiffs request a six-month enlargement of the dates set by the pretrial Order in this case, as follows:

- Plaintiffs' Expert Disclosures: March 2, 2008
- Defendants' Expert Disclosures: May 2, 2008
- Dispositive Motions: July 11, 2008

Defendants do not object to this enlargement.

Pursuant to the Court's original Pretrial Order in this case, and an enlargement of only the expert disclosure date to September 2, 20007, which the Court granted on April 30, 2007, plaintiffs have diligently sought information required by their experts and to properly prepare this case for trial.

Plaintiffs scheduled depositions for defendants Say Say Kamara, Diane Martin, Dinah Larbi, and a 30(b)(6) deposition for the last week of July, 2007, in an attempt to meet the expert disclosure date of September 2, 2007.

Prior to Mr. Kamara's deposition on July 26, 2007, counsel for defendants informed plaintiffs that one of the 30(b)(6) witnesses would be unavailable for deposition on

July 31, 2007. The parties agreed to proceed with the deposition of the available 30(b)(6) witness on July 31st, as well as the depositions of Diane Martin on July 27th and Dinah Larbi on July 30th.

On July 27, 2007, just prior to the deposition of defendant Diane Martin, counsel for plaintiffs requested that the remaining depositions be postponed based plaintiffs' belief that information learned during Mr. Kamara's deposition would necessitate additional investigation by plaintiffs and a request for additional documents. Counsel for defendants agreed to the postponement. It is plaintiffs' position that this information is essential for plaintiffs' experts to properly form their opinions and provide disclosures conforming to Fed. R. Civ. P. 26. In addition, plaintiffs also will likely need to ask the Court to resolve some outstanding discovery issues impacting on information plaintiffs believe is critical to their case.

The requested enlargement should allow the best opportunity for good faith settlement negotiations, or in the alternative, to properly prepare this case for trial. For these reasons, plaintiffs request that the Court enlarge the dates set by the Pretrial Order.

Dated: August 2, 2007

/s/Michael W. Long_______________

Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310/(401) 333-0311 Fax

**CERTIFICATE OF SERVICE**

To:

Sara A. Rapport, Esq.
City of Providence-Law Department
275 Westminster Street, Suite 200
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel a copy of Plaintiffs' Motion to Enlarge Dates Set By Pretrial Order on the 2nd day of August, 2007.

/s/Michael W. Long_______________
Michael W. Long