**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, et. al.*;* | ) | |
| Plaintiffs | ) | C.A. No. 06-502ML |
| vs. | ) | |
| **THE CITY OF PROVIDENCE,** et. al.**;** | ) | |
| Defendants | ) | |

**PLAINTIFFS' MOTION TO COMPEL**
**<u>DEFENDANTS' ANSWERS TO INTERROGATORIES</u>**

Pursuant to Federal and Local Rules 7 and 37, plaintiffs move to compel: 1) Interrogatory Answers from Defendants Melody A. Johnson and Donnie Evans; and 2) More Responsive Interrogatory Answers from Defendants Dinah larbi, Diane Martin, and Say Say Kamara.

## <u>TRAVEL</u>

Plaintiffs seek damages and declaratory judgment stemming from the alleged wrongful acts and omissions of defendants which caused the death of Joseline Cuc, ("Joseline"), a seventh grade student at the Samuel W. Bridgham Middle School, Providence, Rhode Island, on May 20, 2005.

Plaintiffs served interrogatories and document requests on defendants on January 22, 2007, with defendants' responses due on or before February 23, 2007. On March 5, 2007, defendants requested an enlargement to March 30, 2007, to provide their responses. When plaintiffs did not receive the discovery responses by April 3, 2007, and defendants represented that they would not respond until at least April 20, 2007, plaintiffs filed a Motion to Compel with this Court on April 6, 2007.

In response to Plaintiffs' Motion to Compel, defendants provided their written response to plaintiffs' requests for production on April 20, 2007,and responsive documents on April 24th. Defendants also represented that they planned to provide answers to interrogatories by May 4, 2007. Plaintiffs informed the Court that defendants' response to the document requests and their representations regarding the interrogatories essentially rendered the Motion to Compel moot and no hearing was held.

Defendants produced interrogatory answers from defendants Dinah Larbi and Diane Martin on May 4, 2007, supplemental answers on May 18th, and Answers to Interrogatories from defendant Say Say Kamara on May 16, 2007. Defendants have yet to provide interrogatory answers from defendants Melody A. Johnson or Donnie Evans.

**INFORMATION SOUGHT BY PLAINTIFFS**

**1. Interrogatory Answers from Defendants Melody A. Johnson and Donnie Evans.**

Plaintiffs served interrogatories on defendants Melody A. Johnson and Donnie Evans on January 22, 2007. Counsel for defendants informed plaintiffs that neither defendant will provide interrogatory answers because they will merely "make reference to the interrogatories you have already, as neither has any first hand knowledge of events about which you seek information." This does not provide a basis to withhold the interrogatory answers.

Defendant Melody A. Johnson, Superintendent of the Providence School Department when the acts alleged in the complaint occurred, is a defendant named in both her official and individual capacities. Defendant Donnie Evans, the current Superintendent, is named in his official capacity only. Both defendants likely posses discoverable information.

By way of example, and others exists, Interrogatory No. 6 served on each defendant in this case requested the following information:

State whether any individual of which you have knowledge was disciplined, reprimanded, underwent remedial training, or received non-medically related counseling regarding Joseline or the Incident and, if so, identify:

a) each individual so disciplined, reprimanded, trained or counseled the name;

b) all persons or entities having knowledge of such facts communications or correspondence; and

c) all documents referring or relating to such communications or correspondence.

Defendants Dinah Larbi, Diane Martin, and Say Say Kamara answered this interrogatory identically:

> "I am not aware of any individual so disciplined or reprimanded; who underwent training; or who received non-medically related counseling regarding Joseline or the Incident."

Defendants Melody A. Johnson and Donnie Evans can likely provide this, and other, discoverable information. Plaintiffs request that the Court compel their full and complete interrogatory answers.

**2. More Responsive Answers to Interrogatories By Defendants Dinah Larbi, Diane Martin, and Say Say Kamara.**

The following interrogatories and answers are common to each of the above named defendants.

**INTERROGATORY NO. 2:**

State each and every action taken regarding the Incident, or any defendant named in this lawsuit regarding the Incident, or any event or condition relating or referring to the Incident, and identify...[all persons and documents relating to these facts]:

ANSWER:

Defendants Larbi, Martin, and Kamara provided answers to this interrogatory.

Based on the Family Education Privacy Rights and Privacy Act of 1974, 20 U.S.C. 1232g, ("FERPA"), counsel for defendants has asserted an objection to releasing personally identifiable information of students in the classroom when the incident involving Joseline took place.

PLAINTIFFS' POSITION:

A key aspect of this case involves an alleged physical altercation between Joseline Cuc, Juan Batista (a fellow student), and defendant Say Say Kamara inside Mr. Kamara's classroom immediately prior to Joseline's death. Despite discovery conducted to date, plaintiffs are still unable to get a clear picture of what happened inside the classroom just prior to Joseline's death.

Defendants have produced a written statement from Juan Batista, a report authored by Mr. Kamara, and plaintiffs have taken the deposition of Mr. Kamara. Defendants have also produced written statements from several students, but from the statements themselves, it appears those students were not inside Mr. Kamara's classroom when the incident occurred. Mr. Kamara testified at his deposition that, other than Juan Batista, he could not remember whether any of the students who gave those statements were in his classroom at the time of the incident.

Other than Mr. Kamara and Juan Batista, the only eyewitnesses to what happened in the classroom are students unknown to plaintiffs. Complicating matters, Mr. Kamara's deposition testimony concerning the incident contradicts a written report compiled by the school principal, defendant Dinah Larbi.

Mr. Kamara testified during his deposition that other than telling him to "write everything down," no one, including the principal, ever asked him what happened inside the classroom, nor does he remember telling anyone what occurred. Principal Larbi's May 25, 2007,

report concerning the incident states:

> "I have asked the teacher several times if there was an altercation between the two students. He said there was none, and that it was Joseline who hit the boy in his class, and then he walked out of the class."

Plaintiffs do not disagree that the Family Education Privacy Rights and Privacy Act of 1974, ("FERPA"), imposes restrictions on the release of information pertaining to students. In the circumstances of this case, however, the Court should order the disclosure, with appropriate safeguards, of all documents responsive to this request, a list of students inside Mr. Kamara's classroom when the May 20, 2005, incident occurred, and their respective names, addresses, and telephone numbers.

This approach is authorized by 34 C.F.R. 99.31(a), promulgated by the United States Department of Education in accordance with FERPA, and has been applied by Federal Courts considering the issues presented here. See, *e.g.*, Ellis v. Cleveland Municipal School Dist., 309 F.Supp.2d 1019 (N.D.Ohio 2004); Rios v. Read, 73 F.R.D. 589 (E.D.N.Y. 1977).

**INTERROGATORY NO. 14:**

If the answer(s) to either or both Interrogatory No. 12 and/or 13 is or are in the negative[1], state the reason(s) why, identify which individual(s) or entity(s) made that or those decisions and identify...[all persons and documents relating to these facts]:

---

[1]**Interrogatory No. 12:** Did the Providence School Department, including its employees, agents, or representatives ever develop and/or implement a health care and emergency plan for Joseline, and if so, identify who developed and/or implemented this plan, who the plan was shared with, how often the plan was updated, and whether or not the plan was followed...**Answer**: I am not aware of any such plan as described.

**Interrogatory No. 13:** Did the Providence School Department, including its employees, agents, or representatives ever make a referral for Joseline pursuant to Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. §794), and attendant federal regulations, and if so, identify who made and/or participated in this referral, who the information resulting from that referral was shared with, how often the referral was updated, and whether or not the information resulting from the referral was followed...**Answer:** No.

ANSWER:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the "[i]nterrogatory calls for and assumes a legal conclusion."

PLAINTIFFS' POSITION:

This is a contention interrogatory which does not call for or assume a "legal conclusion" and the objection is inappropriate. It is well settled under Federal law that contention interrogatories must be answered. Fed. R. Civ. P. 33(c) states: "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact..." The reason(s) why no 504 Plan or other health care and/or emergency care plan were implemented for Joseline are valid areas for inquiry during discovery. Full and complete answers are requested from each defendant.

**INTERROGATORY NO. 18:**

State each and every fact constituting, referring or relating to the denial of paragraph 25 of the Complaint that "[d]espite knowledge that Joseline suffered from a serious heart condition, Mr. Kamara did nothing to ensure Joseline's safety after he ejected her from the classroom," and identify...[all persons and documents relating to these facts]:

ANSWER:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the "[i]nterrogatory assumes a disputed fact and a legal conclusion."

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out regarding Interrogatory No. 14. Full and complete answers are requested from each defendant.

**INTERROGATORY NO. 19:**

State each and every fact constituting, referring or relating to the denial of paragraph 26 of the Complaint that "[a]fter receiving notification from Mr. Kamara that he ejected Joseline from his classroom, and despite knowledge of Joseline's serious heart condition, no one

in the principal's office at the Bridgham Middle School did anything to check on the safety of Joseline," and identify...[all persons and documents relating to these facts]:

ANSWER:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the interrogatory assumes a disputed fact and legal conclusion

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out regarding Interrogatory No. 14.

Full and complete answers are requested from each defendant.

**INTERROGATORY NO. 20:**

State each and every fact constituting, referring or relating to the denial of paragraphs 44, 46, 47, 48, 49, 50 and 51 of Count I of the Complaint, and identify...[all persons and documents relating to these facts] :

ANSWER:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the interrogatory ""[i]mplicates the attorney opinion work product doctrine and calls for disclosure of communications protected by the attorney-client privilege."

PLAINTIFFS' POSITION:

The intent behind this interrogatory is to have defendants disclose facts upon which they rely to support denial of the allegations of the relevant paragraphs. Information that will ultimately be disclosed during this case (such as at trial) is subject to disclosure during discovery. See, *e.g.*, In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1016 (1st Cir. 1988). Citing Federal case law, respected treatises, and the general rule, the Rhode Island Supreme Court has said that "[a] document in the hands of a party or his agent does not become immunized from discovery under Rule 26(b)(1) simply be delivery to his lawyer." Fireman's Fund Ins. Co. v. Lola-Jane McAlpine, 120 R.I. 744, 751 (1978)(citations omitted).

**<u>INTERROGATORY NO. 21</u>:**

State each and every fact constituting, referring or relating to the denial of paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61 and 62 of Count II of the Complaint, and identify... [all persons and documents relating to these facts]:

<u>ANSWER</u>:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the interrogatory ""[i]mplicates the attorney opinion work product doctrine and calls for disclosure of communications protected by the attorney-client privilege."

<u>PLAINTIFFS' POSITION</u>:

Plaintiffs hereby incorporate their position set out regarding Interrogatory No. 20.

**<u>INTERROGATORY NO. 22</u>:**

State each and every fact constituting, referring or relating to the denial of paragraphs 64, 65, 66, 67, 68, 69, and 70 of Count III of the Complaint, and identify...[all persons and documents relating to these facts]:

<u>ANSWER</u>:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the interrogatory ""[i]mplicates the attorney opinion work product doctrine and calls for disclosure of communications protected by the attorney-client privilege."

<u>PLAINTIFFS' POSITION</u>:

Plaintiffs hereby incorporate their position set out regarding Interrogatory No. 20.

**<u>INTERROGATORY NO. 23</u>:**

State each and every fact constituting, referring or relating to the denial of paragraphs 72 and 73 of Count IV of the Complaint, and identify...[all persons and documents relating to these facts]:

<u>ANSWER</u>:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the interrogatory ""[i]mplicates the attorney opinion work product doctrine and calls for disclosure of communications protected by the attorney-client privilege."

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out regarding Interrogatory No. 20.

**INTERROGATORY NO. 24:**

State each and every fact constituting, referring or relating to the denial of paragraph 75 of Count V of the Complaint, and identify...[all persons and documents relating to these facts]:

ANSWER:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the interrogatory "“[i]mplicates the attorney opinion work product doctrine and calls for disclosure of communications protected by the attorney-client privilege."

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out regarding Interrogatory No. 20.

**INTERROGATORY NO. 25:**

State each and every fact constituting, referring or relating to the denial of each Affirmative Defense alleged in the your Answer to the Complaint, and identify... [all persons and documents relating to these facts]:

ANSWER:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the interrogatory "“[i]mplicates the attorney opinion work product doctrine and calls for disclosure of communications protected by the attorney-client privilege."

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out regarding Interrogatory No. 20.

---

Counsel for plaintiffs certifies that he has in good faith conferred and attempted to confer with defendants' counsel in an effort to secure the information sought by this

motion without court intervention. Plaintiffs hereby request a hearing.

Dated: October 12, 2007

/s/Michael W. Long
Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310/(401) 333-0311 Fax

**CERTIFICATE OF SERVICE**

To:

Sara A. Rapport, Esq.
City of Providence-Law Department
275 Westminster Street, Suite 200
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel a copy of Plaintiffs' Motion to Compel Defendants' Answers to Interrogatories on the 12th day of October, 2007.

/s/Michael W. Long
Michael W. Long