**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, et. al.*;* Plaintiffs | ) | C.A. No. 06-502ML |
| vs. | ) | |
| **THE CITY OF PROVIDENCE,** et. al.**;** Defendants | ) | |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES**
**TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal and Local Rules 7 and 37, plaintiffs move to compel:

(1) Production of Documents Responsive to Plaintiffs' Second Request for Production; and,

(2) Production of Additional Documents and Supplemental Written Response to Plaintiffs First Request for Production of Documents.

**TRAVEL**

Plaintiffs seek damages and declaratory judgment stemming from alleged wrongful acts and omissions of defendants which caused the death of Joseline Cuc, ("Joseline"), a seventh grade student at the Samuel W. Bridgham Middle School, Providence, Rhode Island, on May 20, 2005.

Plaintiffs served interrogatories and document requests on defendants on January 22, 2007, with defendants' responses due on or before February 23, 2007. On March 5, 2007, defendants requested an enlargement to March 30, 2007, to provide their responses. When plaintiffs did not receive the discovery responses by April 3, 2007, and defendants represented that they would not respond until at least April 20, 2007, plaintiffs filed a Motion to Compel with this Court on April 6, 2007.

In response to Plaintiffs' Motion to Compel, defendants provided their written response to plaintiffs' requests for production on April 20, 2007,and responsive documents on April 24th. Plaintiffs informed the Court that defendants' response to the document requests and representations regarding outstanding answers to interrogatories essentially rendered the Motion to Compel moot and no hearing was held.

Plaintiffs took the deposition of defendant Say Say Kamara on July 26, 2007. Mr. Kamara's deposition testimony necessitated additional investigation by plaintiffs. One result of that investigation was a request by plaintiffs on August 7, 2007, for additional documents from defendants. Defendants informed plaintiffs that they would consider the request of August 7 to be a formal discovery request and would respond in thirty days. On August 17th, plaintiffs requested documents pertaining to three additional subject matters.

On September 13 and 18, 2007, counsel for plaintiffs sent correspondence to defendants' counsel inquiring into the status of defendants' response to those additional document requests. Defendants have not responded in any manner.

**INFORMATION SOUGHT BY PLAINTIFFS**

**1. <u>Production of Documents Responsive to Plaintiffs' Second Request for Production</u>.**

On August 7, 2007, plaintiffs requested additional documents from defendants. Plaintiffs considered this request to be in the nature of supplemental response by defendants to both Plaintiffs' First Request for Production and a written request made to the Providence School Department on July 1, 2005, pursuant to R.I.G.L. §16-71-3 for "each and every document in the custody or control of the Providence School Department concerning Joseline or the May 20th incident."

Defendants informed plaintiffs that they would consider the request of August 7,

2007, to be a formal discovery request and would respond in thirty days. On August 17th, plaintiffs requested additional documents pertaining to several subject matters. Defendants have not provided a response to these requests. They should be compelled to do so.[1]

**2. Production of Additional Documents and Supplemental Written Response to Plaintiffs First Request for Production of Documents.**

Plaintiffs seek production of the following documents and supplemental written responses regarding their First Request for Production of Documents.

**REQUEST NO. 11:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training utilized, employed or conducted by the Providence School Department regarding "Health Records" containing information on "treatment plan[s]" pursuant to Section 14.11, *et. seq.*, of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Objection. Request is vague; moreover the Rhode Island Rules and Regulations for School Health programs do not contain a regulation "14.11".

PLAINTIFFS' POSITION:

A typo resulted in "14.11." The correct regulation is 14.1. In response to notification of the typo, counsel for defendants has represented verbally that no responsive documents exist which have not already been produced in response to other requests. Plaintiffs request that defendants provide a written response to that effect.

**REQUEST NO. 27:**

All documents in the possession, custody, or control of the Providence School

[1] Based on defendants' position that they consider the additional request to be in the nature of a formal discovery request, plaintiffs will refer to those requests made on August 7th and 17th as "Plaintiffs' Second Request for Production of Documents."

Department constituting, referring or relating to the Providence School Department's "Health Records" containing information on "treatment plan[s]" for Joseline pursuant to Section 14.11, *et. seq.*, of the State Regulations.

RESPONSE:

Objection. The Rules and Regulations for School Health Programs do not contain a regulation "14.11."

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position as set out in Request No. 11.

**REQUEST NO. 34:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to communications or other correspondence between any defendant, their agents, and any other individual or entity referring or relating to Joseline or the Incident.

RESPONSE:

Objection to the extent the request calls for documents protected by the attorney-client privilege and/or work product doctrine. Without waiving such objection, please see all documents provided pursuant to Federal Rule of Civil Procedure 26 mandating automatic discovery and in response to the public records request by plaintiffs' counsel in mid-2005.

PLAINTIFFS' POSITION:

If defendants have withheld responsive documents, plaintiffs request their production. F.R.C.P. 26(b)(3), provides for production of the requested information upon a showing of substantial need and an inability to obtain the the substantial equivalent by other means.

It is not plaintiffs' intent to have defendants disclose true attorney-client communications, or to delve into counsel's mental processes, impressions, or opinions, *e.g.*, opinion work product. In the circumstances of this case, however, plaintiffs have a substantial need for statements, reports, and other information in defendants' possession, custody, or control

in order to properly prepare this case for trial. Defendants may have information not available from any other source, in particular, information from eyewitnesses in the classroom when the incident occurred and results of investigations into that incident.

A key aspect of this case involves an alleged physical altercation between Joseline Cuc, Juan Batista (a fellow student), and defendant Say Say Kamara inside Mr. Kamara's classroom immediately prior to Joseline's death. Despite discovery conducted to date, plaintiffs are still unable to get a clear picture of what happened inside the classroom just prior to Joseline's death.

Defendants have produced a written statement from Juan Batista, a report authored by Mr. Kamara, and plaintiffs have taken the deposition of Mr. Kamara. Defendants have also produced written statements from several students, but from the statements themselves, it appears those students were not inside Mr. Kamara's classroom when the incident occurred. Mr. Kamara testified at his deposition that, other than Juan Batista, he could not remember whether any of the students who gave those statements were in his classroom at the time of the incident.

Other than Mr. Kamara and Juan Batista, the only eyewitnesses to what happened in the classroom are students unknown to plaintiffs. Complicating matters, Mr. Kamara's deposition testimony concerning the incident contradicts a written report compiled by the school principal, defendant Dinah Larbi.

Mr. Kamara testified during his deposition that other than telling him to "write everything down," no one, including the principal, ever asked him what happened inside the classroom, nor does he remember telling anyone what occurred. Principal Larbi's May 25, 2007, report concerning the incident states:

> "I have asked the teacher several times if there was an altercation between the two students. He said there was none, and that it was Joseline who hit the boy in his class, and then he walked out of the class."

Plaintiffs contend that these facts support the necessary showing of substantial need for information in the possession, custody, or control of defendants and that plaintiffs are unable to secure the substantial equivalent by other means.

**REQUEST NO. 35:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to each and every conversation, communication, or interview that you, or anyone acting on your behalf, has had with any individual or entity with knowledge of the facts or allegations in the Complaint.

RESPONSE:

Objection to the extent the request calls for documents protected by the attorney-client privilege and/or work product doctrine. Without waiving such objection, please see all documents provided pursuant to Federal Rule of Civil Procedure 26 mandating automatic discovery and in response to the public records request by plaintiffs' counsel in mid-2005.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 34.

**REQUEST NO. 38:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to the employment personnel file of any defendant named in this lawsuit, including but not limited to any application(s) for employment, records of training or instruction, licenses, performance and/or discipline.

RESPONSE:

Objection to the production of the personnel files of individual defendants. Please see response to request Nos. 61 & 62.

PLAINTIFFS' POSITION:

Defendants have not articulated a basis for their objection. Authority exists for

the proposition that, with sufficient safeguards, teacher personnel files are discoverable. See, *e.g.*, Chaney v. Slack, 99 F.R.D. 531 (S.D. Ga. 1983). Despite plaintiffs' offer to provide reasonable safeguards, defendants have declined to provide access to those files. The court should compel defendants' compliance with this request.

**REQUEST NO. 39:**

Any and all statements or reports taken of, or given or compiled by any party, witness or other person concerning the Incident, or any event or condition which may have caused or contributed the Incident.

RESPONSE:

Objection to the extent the request calls for documents protected by the attorney-client privilege and/or work product doctrine. Without waiving such objection, please see all documents provided pursuant to Federal Rule of Civil Procedure 26 mandating automatic discovery and in response to the public records request by plaintiffs' counsel in mid-2005.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 34.

**REQUEST NO. 42:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to any person known to have witnessed or viewed the Incident, or site of the Incident before, during or after the Incident, including but not limited to the names and addresses of all Students in the classroom where the Incident occurred.

RESPONSE:

Objection to production of names and addresses of all Students in the classroom as such production would be violative of the Family Education Privacy Rights and Privacy Act of 1974, 20 U.S.C. 1232g. Without waiving such objection, please see all documents provided pursuant to Federal Rule of Civil Procedure 26 mandating automatic discovery and in response to the public records request by plaintiffs' counsel in mid-2005.

PLAINTIFFS' POSITION:

For the same reasons set out in plaintiffs' position regarding Request No. 34, *supra*, the Court should order production of the requested information, including the disclosure,

with appropriate safeguards, of the name, current address, and telephone number of each student in Mr. Kamara's classroom on May 20, 2005, when the incident involving Joseline Cuc took place.

Plaintiffs do not disagree that the Family Education Privacy Rights and Privacy Act of 1974, ("FERPA"), imposes restrictions on the release of information pertaining to students. In the circumstances of this case, however, the Court should order the disclosure, with appropriate safeguards, of all documents responsive to this request, a list of students inside Mr. Kamara's classroom when the May 20, 2005, incident occurred, and their respective names, addresses, and telephone numbers.

This approach is authorized by 34 C.F.R. 99.31(a), promulgated by the United States Department of Education in accordance with FERPA, and has been applied by Federal Courts considering the issues presented here. See, *e.g.*, Ellis v. Cleveland Municipal School Dist., 309 F.Supp.2d 1019 (N.D.Ohio 2004); Rios v. Read, 73 F.R.D. 589 (E.D.N.Y. 1977).

**REQUEST NO. 43:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding denial of paragraph 22 of the Complaint that "[i]mmediately prior to her death on May 20, 2005, Joseline became engaged in a physical confrontation" with "her science teacher, defendant Sey Sey Kamara, inside the science classroom at the Bridgham Middle School."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

The intent behind this request is to have defendants disclose facts upon which they rely to support denial of the allegations of the relevant paragraphs. It is not plaintiffs' intent

to have defendants' counsel disclose true attorney-client communications, or to delve into counsel's mental processes, impressions, or opinions, *e.g.*, opinion work product. But, information that will ultimately be disclosed during this case (such as at trial) is subject to disclosure during discovery. See, *e.g.*, In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1016 (1st Cir. 1988). Citing Federal case law, respected treatises, and the general rule, the Rhode Island Supreme Court has said that "[a] document in the hands of a party or his agent does not become immunized from discovery under Rule 26(b)(1) simply be delivery to his lawyer." Fireman's Fund Ins. Co. v. Lola-Jane McAlpine, 120 R.I. 744, 751 (1978)(citations omitted).

Defendants have informed plaintiffs that their intent is to identify responsive documents on their exhibit list to be produced right before trial. Plaintiffs contend that defendants are obligated to produce all responsive documents now, particularly in the circumstances of this case.

If there are responsive documents in defendants' possession, custody, or control containing factual information supporting the denial of plaintiffs' allegations in this case, and those documents are not protect by the attorney-client privilege and do not contain opinion work product, the Court should order their production.[2]

**REQUEST NO. 44:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding denial of paragraph 25 of the Complaint that "[d]espite knowledge that Joseline suffered from a serious heart condition, Mr. Kamara did nothing to ensure Joseline's safety after he ejected her from the classroom."

---

[2] Defendants assert the same objection in response to Request Nos. 44 through 60, all of which seek production of documents supporting defendants' denial of allegations in the Complaint, or in support of defendants' Affirmative Defenses. Plaintiffs' position on each of these requests, accordingly, is the same. Plaintiffs have included each request in its entirety for the convenience of the Court and in order to maintain a clear record.

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 45:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding denial of paragraph 26 of the Complaint that "[a]fter receiving notification from Mr. Kamara that he ejected Joseline from his classroom, and despite knowledge of Joseline's serious heart condition, no one in the principal's office at the Bridgham Middle School did anything to check on the safety of Joseline."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 46:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding denial of paragraphs 44, 46, 47, 48, 49, 50 and 51 of Count I of the Complaint.

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 47:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding denial of paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61 and 62 of Count II of the Complaint.

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 48:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding denial of paragraphs 64, 65, 66, 67, 68, 69, and 70 of Count III of the Complaint.

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 49:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding denial of paragraphs 72 and 73 of Count IV of the Complaint.

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 50:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding denial of paragraph 75 of Count V of the Complaint.

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 51:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding Affirmative Defense No. 1 that "[a]t all times material hereto, Defendants acted with due care."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 52:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding Affirmative Defense No. 1 that "[a]t all times material hereto, Defendants acted with due care."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 53:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding Affirmative Defense No. 2 that "[p]laintiffs fail to state a cause of action upon which relief may be granted."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 54:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding the first Affirmative Defense No. 3 that "[p]laintiffs were and/or contributorily negligent."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 55:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding second Affirmative Defense No. 3 that "[p]laintiffs assumed the risk of harm to the decedent."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**<u>REQUEST NO. 56</u>:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding Affirmative Defense No. 4 that "[d]efendants assert the defense pursuant to R.I. Gen. Laws §9-31-3, limiting damages to the sum of One Hundred Thousand Dollars ($100,000)."

<u>RESPONSE</u>:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

<u>PLAINTIFFS' POSITION</u>:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**<u>REQUEST NO. 57</u>:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding Affirmative Defense No. 5 that "[d]efendants assert the defense pursuant to R.I. Gen Laws §45-15-5."

<u>RESPONSE</u>:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

<u>PLAINTIFFS' POSITION</u>:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**<u>REQUEST NO. 58</u>:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding Affirmative Defense No. 6 that "[d]efendants assert the defense of the Public Duty Doctrine."

<u>RESPONSE</u>:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

<u>PLAINTIFFS' POSITION</u>:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 59:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding Affirmative Defense No. 7 that "[t]he individual defendants are not liable to the Plaintiffs in their individual capacities."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

**REQUEST NO. 60:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to every fact regarding Affirmative Defense No. 8 that "[p]laintiffs have failed to serve the Complaint properly on all Defendants."

RESPONSE:

Objection in that request implicates and calls for disclosure of information protected by the attorney-client privilege and the work-product doctrine.

PLAINTIFFS' POSITION:

Plaintiffs hereby incorporate their position set out in Request No. 43.

---

Counsel for plaintiffs certifies that he has in good faith conferred and attempted to confer with defendants' counsel in an effort to secure the information sought by this motion without court intervention. Plaintiffs hereby request a hearing.

Dated: October 12, 2007

/s/Michael W. Long
Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310/(401) 333-0311 Fax

**CERTIFICATE OF SERVICE**

To:

Sara A. Rapport, Esq.
City of Providence-Law Department
275 Westminster Street, Suite 200
Providence, RI 02903

I hereby certify I caused to be served on the above-named counsel a copy of Plaintiffs' Motion to Compel Responses to Requests for Production of Documents on the 12th day of October, 2007.

/s/Michael W. Long
Michael W. Long