**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO,** in her capacity as the Executrix of the Estate of Joseline Cuc, **LUIS DELEON,** Father of Joseline Cuc, and **ANA M. CUC,** Mother of Joseline (Plaintiffs) | : | |
| v | : | C.A. NO. 06-502ML |
| **THE CITY OF PROVIDENCE, THE PROVIDENCE SCHOOL DEPARTMENT,** and **STEPHEN T. NAPOLITANO,** in his Capacity as Treasurer of the City of Providence, **DONNIE EVANS,** in his capacity as Superintendent of the Providence School Department, **MELODY A. JOHNSON,** individually and in her capacity as former Superintendent of the Providence School Department, **DINAH LARBI,** individually and in her capacity as Principal of Samuel W. Bridgham Middle School, **SEY SEY KAMARA,** individually and in his capacity as an employee of the Providence School Department, **DIANE MARTIN,** individually and in her capacities as an employee of the Providence School Department and School Nurse at the Brigham Middle School, **JOHN AND JANE DOE,** individually and in their respective official capacities (Defendants) | : | |

**DEFENDANTS' OBJECTION AND RESPONSE TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Defendants hereby object and respond to the Plaintiff's Motion to Compel as follows:

**Discovery Background**

(1) In July 2005, Plaintiffs' counsel requested documents of the Providence School Department concerning Joseline Cuc pursuant to the Rhode Island Educational Records Bill of Rights. The Department provided the documentation on 9 August 2005.

(2) On January 22, 2007, Plaintiffs served upon each of the five Defendants a Request for Production of Documents, each containing nearly seventy (70) separate requests, and a First Set of Interrogatories, each containing twenty-five (25) separate interrogatories. One of the five defendants currently lives and is employed in Texas, as the Superintendent of the Fort Worth School District. Although the document requests were overlapping and duplicative among defendants, they were nonetheless extensive in scope and content.

(3) On 6 April 2007, Plaintiffs filed a Motion to Compel; on 11 April 2007, Defendants filed an Objection and Response to the Motion to Enlarge Time for filing Responses to Requests for Production.

(4) Defendants' provided discovery on 20 April 2007,[1] 4 May 2007, and 16 May 2007.

(5) The hearing date set for 9 May 2007 was cancelled as moot. On Plaintiff's motion, the Court extended the dates for both Plaintiffs' and Defendants' disclosure of expert witnesses by sixty (60) days. Hence, instead of 2 July 2007,

[1] On Friday, April 20th, Defendants' counsel notified Plaintiffs' counsel that the Law Department was putting a "Bates-Stamp" on the documents being produced, and that such documents would be ready at the end of the day on the 20th or early the morning of the 23rd. Rather than placing such documents in the mail, the Law Department held the documents, at the request of Plaintiffs' counsel, and he picked them up at the Law Department after 2 p.m. on Monday, 23 April 2007. Counsel for Defendants is not aware of any production of documents on April 24th.

Plaintiffs were to make disclosure of expert witnesses by 2 September 2007. The discovery deadline of 28 December 2007 remained intact.

(6) On 8 June 2007, counsel for Defendants had a telephonic conference with counsel for Plaintiffs in an attempt to narrow the points of disagreement in Defendants' Response to Plaintiff's Request for Production of Documents and Answers to Interrogatories. They seemed to resolve all but two issues concerning the Document Requests – production of student names and addresses (Request No. 42), and production of Defendants' personnel files (Request No. 38).

(7) Plaintiffs' counsel thereafter scheduled four depositions in late July. Defendants' counsel agreed to produce the witnesses for questioning, without subpoena. The first deposition, of teacher Say Say Kamara, took place on 26 July 2007. The next scheduled deposition, to take place on Friday, 27 July 2007, was of school nurse Diane Martin.

(8) Martin was en route to the Law Department, where the deposition was to take place, when Plaintiffs' counsel advised Defendants' counsel that he would be postponing Martin's deposition to another date, as well as those scheduled for Monday, 31 July 2007 and Tuesday, 1 August 2007, of principal Dinah Larbi (31 July) and Ms. Martin (1 August) as the person designated to pursuant to Federal Rule of Civil Procedure 30(b)(6).[2] Plaintiffs' counsel has not reset dates for those depositions.

(9) In early August 2007, Plaintiffs' filed a Motion with the Court requesting significant additional time to conduct discovery. On 22 August 2007, the Court granted

---

[2] The Department designated Ms. Martin to answer questions pertaining to two of the three categories of questions set forth in Plaintiffs' Rule 30(b)(6) notice. Counsel advised Plaintiffs' counsel, on Thursday, 26 July, that she would produce another person from the Department to answer questions pertaining to the one remaining category listed – concerning implementation of the Section 504 of the Rehabilitation Act.

the Motion, and imposed new discovery deadline, with the proviso that "No Further Extensions Will be Allowed."

(10) Plaintiffs have now filed a Motion to Compel reiterating in part demands that counsel addressed in their telephonic conference of 8 June 2007. Details follow:

**Document Production**

Request No. 11

As Defendants' counsel explained on 8 June 2007, already produced.

Request No. 27

As Defendants' counsel explained on 8 June 2007, already produced.

Request No. 34

Plaintiffs did not object to Defendants' Response to this Request from April 2007 to the instant filing, and thus have made no effort, with regard to this Request, to resolve without court intervention. Defendants do not understand what documents the Plaintiffs are seeking to compel. Defendants have produced all documents not protected by attorney-client privilege or the work product doctrine.

Request No. 35

Plaintiffs did not object to Defendants' Response to this Request from April 2007 to the instant filing, and thus have made no effort, with regard to this Request, to resolve without court intervention. Defendants do not understand what documents the Plaintiffs are seeking to compel. Defendants have produced all documents not protected by attorney-client privilege or the work product doctrine.

Request No. 38

Personnel files are exempt from disclosure under the Access to Public Records Act. See R.I. Gen. Laws § 38-2-2(d)(1). See generally Pawtucket Teachers Alliance v. Brady, 556 A.2d 556 (R.I. 1989). Plaintiffs here make no showing that the information in such files, including the "applications for employment" and records of "performance and/or discipline" is either relevant or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Given the confidential and personal nature of the information sought, and the lack of any nexus between Plaintiffs' allegations and it, this Court should deny production. See Atkinson v. Denton Publishing Co., 84 F.3d 144 (5th Cir. 1996); see generally Burke v. New York City Police Dep't, 115 F.R.D. 220 (S.D.N.Y. 1987). In the alternative, Defendants respectfully ask that the Court conduct an *in camera* review and withhold from the Plaintiffs those documents that are "personal, confidential or [for which disclosure would be an] unwarranted invasion of privacy." See Costa v. Remillard, 160 F.R.D. 434, 435-36 (D.R.I. 1995).

Request No. 39

On 8 June 2007, counsel for Plaintiffs stated that he did not seek a "privilege log," and that, based on the conference with Defendants' counsel, he no longer had any concern with the Defendants' Response to Request No. 39. As explained on June 8th, Defendants have produced all documents memorializing statements by witnesses to the "incident" on the day that Joseline Cuc died. Defendants do not understand Plaintiffs' Position.

<u>Request No. 42</u>

A recent review of records maintained by the Department shows that, to date, no parent of any student in attendance in Say Say Kamara's science class at Bridgham Middle School on 20 May 2005 at approximately 12 noon (the date and time of incident) has "opted out" of the student directory disclosure provision under the Family Educational Rights and Privacy Act. <u>See</u> 20 U.S.C. § 1232g(a)(5). Hence, Defendants are producing the information requested under separate cover.

<u>Requests 43-60</u>

Defendants have produced all documents not protected by the attorney-client privilege or the work product doctrine. Defendants are not withholding documents; Defendants specifically are not withholding documents on the ground that they also have been produced to legal counsel, and are thereby "immunized" from production.

**<u>Interrogatories</u>**

<u>Interrogatory Answers of Dr. Melody Johnson and Dr. Donnie Evans</u>

Neither Defendant has any personal, direct, or first-hand knowledge responsive to the Interrogatories. Defendants will provide statements to that effect.

<u>Interrogatory No. 2</u>

Please see Response No. 42 above.

<u>Interrogatory No. 14</u>

Diane Martin will provide an Answer to this Interrogatory. The other Defendants lack the knowledge to answer this Interrogatory.

Interrogatory No. 18

Objection. To the extent Plaintiffs seek statements regarding events on 20 May 2005, please see Martin Answer No. 2, Kamara Answer No. 2, and Larbi Answers No. 2, 8, 10, 16, 17.

Interrogatory No. 19

Please see Objection and Answer to Interrogatory No. 18, above.

Interrogatory No. 20

Objection. With regard to paragraphs 44, 45, 46, 48, 49, 50, and 51, the paragraphs in the Complaint and denials in the Answer set forth legal conclusions, which no Defendant has the expertise to answer.

Interrogatory No. 21

Objection. With regard to paragraphs 53-62, the paragraphs in the Complaint and denials in the Answer set forth legal conclusions, which no Defendant has the expertise to answer.

Interrogatory No. 22

Objection. With regard to paragraphs 64-70, the paragraph in the Complaint and denials in the Answer set forth legal conclusions, which no Defendant has the expertise to answer.

Interrogatory No. 23

Objection. With regard to paragraphs 72 and 73, the paragraphs in the Complaint and denials in the Answer set forth legal conclusions, which no Defendant has the expertise to answer.

Interrogatory No. 24

Objection. With regard to paragraph 74, the paragraph in the Complaint and denial in the Answer set forth a legal conclusion, which no Defendant has the expertise to answer.

Interrogatory No. 25

Objection. With regard to all Affirmative Defenses, these are legal conclusions, which no Defendant has the expertise to answer.

DEFENDANTS,
By their attorneys,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

/s/ Sara A. Rapport
Sara A. Rapport (#6184)
Senior Assistant City Solicitor
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, ext. 385
(401) 351-7596 (facsimile)
srapport@providenceri.com

**CERTIFICATE OF SERVICE**

Michael W. Long, Esquire
640 George Washington Highway
Lincoln, Rhode Island 02865

I certify that on this 24th day of October, I caused the within Objection and Response to Plaintiffs' Motion to Compel to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/Sara A. Rapport