**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, et. al.*;* Plaintiffs | ) | **EXPEDITED HEARING REQUESTED** C.A. No. 06-502ML |
| vs. | ) | |
| **THE CITY OF PROVIDENCE,** *et. al.***;** Defendants | ) | |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

Pursuant to Federal and Local Rules 7 and 37, plaintiffs move to compel production of the following discovery from defendants within seven days of hearing on this motion:

(1) Defendants' Response to Plaintiffs' Second Request for Production;

(2) Response to Request Nos. 38, Plaintiffs' First Request for Production;

(3) Interrogatory Answers from Defendant Donnie Evans, Plaintiffs' First Set of Interrogatories; and,

(4) Defendant Dinah Larbi's Answer to Interrogatory No.19, Plaintiffs' First Set of Interrogatories.

Despite an Order from this Court, multiple requests by plaintiffs, and representations made by their counsel, defendants have yet to produce discovery due long ago. For the following reasons, plaintiffs request an expedited hearing and an order from this Court that defendants produce the above discovery within seven days of that hearing.

## FACTS

This is plaintiffs third motion to compel discovery from defendants. After a hearing on November 16, 2007, on plaintiffs' second motion to compel, the Court ordered defendants to provide, among other things: (a) documents responsive to Request No. 38, Plaintiffs' First Request for Production, or an opportunity for plaintiffs to review defendants' personnel files; and, (b) defendants' answers to Interrogatory No. 19, Plaintiffs' First Set of Interrogatories. Defendants also agreed on November 16, 2007, to provide a response to Plaintiffs' Second Request for Production of Documents and interrogatory answers from defendant Donnie Evans, among other things.

Plaintiffs wrote to defendants on November 20 and December 7, 2007, regarding this outstanding discovery. When defendants did not respond in any manner, plaintiffs wrote again on December 18th, this time enclosing a draft copy of a third motion to compel. On December 19th, counsel for defendants left a telephone message indicating defendants would provide the information due "before the end of the week," or by December 21st. On December 21st, plaintiffs received interrogatory answers from defendant Melody Johnson and nothing else.

Since December 21st, defendants have produced additional responsive information, but not all that is required. This Court has ordered plaintiffs to provide their expert disclosures on or before March 2, 2008, specifying that no further enlargements would be granted. The discovery sought in this motion is crucial to the preparation of plaintiffs' expert disclosures, the depositions of several witnesses to be taken this month, and the identification of other potential fact witnesses in this case.

For these reasons, plaintiffs request an expedited hearing on this motion and issuance of order that defendants produce the required discovery within seven days of that hearing.

## DISCOVERY SOUGHT BY PLAINTIFFS

**1. Defendants' Response to Plaintiffs' Second Request for Production.**

On August 7, 2007, plaintiffs asked defendants for documents which plaintiffs considered to be in the nature of a supplemental response to both Plaintiffs' First Request for Production of Documents and a request made to the Providence School Department on July 1, 2005, pursuant to R.I.G.L. §16-71-3.

On August 16, 2007, defendants represented that they would consider those document requests to be "formal and additional discovery...and provide you with answers and/or responses thirty days from today." On August 17, 2007, plaintiffs agreed with defendants on the nature of the requests, asked for documents responsive to three additional requests, and informed defendants that plaintiffs would serve more formal document requests, if necessary.[1]

When defendants did not respond to the document requests in any manner by October 12, 2007, plaintiffs filed their second motion to compel. On November 16, 2007, defendants again agreed to produce responses to the requests attached hereto as **Exhibit A** (p. 8). Despite numerous written requests from plaintiffs since the November 16th hearing, defendants have yet to provide a response. Plaintiffs request that this Court order them to do so within seven days of hearing on this motion.

**2. Response to Request No. 38, Plaintiffs' First Request for Production.**

REQUEST NO. 38:

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to the employment personnel file of any defendant named in this lawsuit, including but not limited to any application(s) for employment, records of

---

[1]Based on the agreement between the parties as to the nature of these requests and for the convenience of the Court, plaintiffs refer to the requests made on August 7th and 17th, collectively, as "Plaintiffs' Second Request for Production of Documents."

training or instruction, licenses, performance and/or discipline.

RESPONSE:

Objection to the production of the personnel files of individual defendants. Please see response to request Nos. 61 & 62.

PLAINTIFFS' POSITION:

The Court ruled on November 16, 2007, that counsel for defendants would review the personnel files of the defendants named in this action and provide responsive documents to plaintiffs, or an opportunity for plaintiffs to review those documents, with any remaining dispute to be settled by *in camera* review. Despite multiple written requests by plaintiffs since the November 16th hearing, defendants have yet to provide responsive documents or an opportunity for plaintiffs to review those personnel files.

On January 4, 2008, plaintiffs received a letter from defendants' counsel indicating that defendants would unilaterally submit documents to the Court for *in camera* review. Defendants' intention to do so, however, does not comport with the Court's November 16, 2007, instructions mandating production of responsive documents or an opportunity for plaintiffs to review the personnel files. Moreover, plaintiffs are not aware of defendants having submitted any documents to this Court.

Plaintiffs request that the Court order defendants to provide responsive documents, or an opportunity for plaintiffs to review the personnel files, within seven days of hearing on this motion.

**3. Interrogatory Answers from Defendant Donnie Evans.**

Plaintiffs served the interrogatories attached hereto as **Exhibit B** (p. 10) on defendant Donnie Evans in January, 2007. Despite representing several times that Mr. Evans

would answer the interrogatories, and despite repeated written requests from plaintiffs, defendants have yet to provide those answers. Plaintiffs request that this Court order Mr. Evans to do so within seven days of hearing on this motion.

**4. Defendant Dinah Larbi's Answer to Interrogatory No. 19.**

INTERROGATORY NO. 19:

State each and every fact constituting, referring or relating to the denial of paragraph 26 of the Complaint that "[a]fter receiving notification from Mr. Kamara that he ejected Joseline from his classroom, and despite knowledge of Joseline's serious heart condition, no one in the principal's office at the Bridgham Middle School did anything to check on the safety of Joseline," and identify...[all persons and documents relating to these facts].

ANSWER:

None of the defendants answered this interrogatory. Defendants' counsel asserted an objection that the "[i]nterrogatory assumes a disputed fact and a legal conclusion."

PLAINTIFFS' POSITION:

The Court ordered each defendant to answer this interrogatory on November 16, 2007. In an effort to expedite matters and resolve the issue without court intervention, plaintiffs have offered to accept an answer to this interrogatory from defendant Dinah Larbi alone. Defendants have yet to provide it. Plaintiffs request that the Court order them to do so within seven days of hearing on this motion.

Counsel for plaintiffs certifies that he has in good faith conferred with counsel for defendants in an effort to secure the information sought by this motion without court intervention.

Plaintiffs hereby request an expedited hearing on this motion.

Dated: January 11, 2008

/s/Michael W. Long
Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310/(401) 333-0311 Fax

**CERTIFICATE OF SERVICE**

To:

Kevin F. McHugh, Esq.
Sara A. Rapport, Esq.
City of Providence-Law Department
275 Westminster Street, Suite 200
Providence, RI 02903

I hereby certify that I electronically filed this Plaintiffs' Motion to Compel Responses to Requests for Production of Documents and Answers to Interrogatories on the 11th day of January, 2008. This Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/Michael W. Long
Michael W. Long

**EXHIBIT A**

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1**:

Computer based medical records pertaining to Joseline Cuc.

**REQUEST NO. 2**:

Defendant Diane Martin's entries in her medical "log book" concerning Joseline Cuc.

**REQUEST NO. 3**:

Documents concerning defendant Sey Sey Kamara's attendance at work from September 1, 2004, through September 14, 2004, and November 7, 8, 9, 2004.

**REQUEST NO. 4**:

Documents constituting Joseline's "Wellness Journal" and monitoring of her heart rate.

**REQUEST NO. 5**:

Documents regarding Joseline's absences from school during the 2004-05 academic year.

**REQUEST NO. 6**:

Documents constituting the manual on Nurses Policy and Procedures Training.

**REQUEST NO. 7**:

Page No. 26 to the District Wide Code of Behavior (located between Bates Nos. 1043 and 1044 of defendants' initial document production).

**REQUEST NO. 8**:

The contract for the 2004-05 academic year regarding outside consultants, etc.

**REQUEST NO. 9**:

Bates No. 728 in defendants' original document production.

**<u>REQUEST NO. 10</u>**:

The "Parent Handbook" and "diskette" containing the School Department's "District Wide Code of Behavior" for the 2004-05 academic year.

**<u>REQUEST NO. 11</u>**:

The "Procedures Regarding Safety Promotion" in effect for the 2004-05 academic year.

**<u>REQUEST NO. 12</u>**:

Documents referring or relating to an assault on Joseline on a school bus in October, 2004.

**<u>REQUEST NO. 13</u>**:

Documents referring or relating to parent-teacher conferences between Joseline's mother, Ana Cuc, and Joseline's teachers in 2004.

**<u>REQUEST NO. 14</u>**:

Documents referring or relating to a telephone conference between Joseline's guidance counselor and Joseline's mother in 2005.

# EXHIBIT B

## INTERROGATORIES SERVED ON DEFENDANT DONNIE EVANS

**INTERROGATORY NO. 1:**

State your full name, date of birth, current residential and business addresses, your current position within the Providence School Department, and the date you were hired in that position.

**INTERROGATORY NO. 2:**

State each and every action taken regarding the Incident, or any defendant named in this lawsuit regarding the Incident, or any event or condition relating or referring to the Incident, and identify:

a) the name and address of all persons or entities having knowledge of such actions; and

b) all documents referring or relating to such actions.

**INTERROGATORY NO. 3:**

State each and every action taken regarding the policies, procedures, practices, protocols, guidelines, customs and training utilized, employed or conducted, including but not limited to any evaluations, changes, modifications, or revisions, regarding the health and safety of Students, and identify:

a) the name and address of all persons or entities having knowledge of such actions; and

b) all documents referring or relating to such actions.

**INTERROGATORY NO. 4:**

Describe each and every communication or correspondence to or from you, your office or agents, any defendant or their agents, or any other individual or entity, referring or relating to Joseline or the Incident, and identify:

a) the name and address of all persons or entities having knowledge of such communications or correspondence; and

b) all documents referring or relating to such communications or correspondence.

**INTERROGATORY NO. 5:**

State whether any photographs, videotapes, surveillance footage, or other electronically recorded information of Joseline, the site where the Incident occurred, any individuals involved, connected with, or near the site where the Incident took place, exist, and if so identify:

a) the nature of such information (photographs, videotapes, surveillance footage, or other electronically recorded information);

b) the person(s) or entity(s) with custody, control or possession of the information; and,

c) all documents referring or relating to such information.

**INTERROGATORY NO. 6:**

State whether any individual of which you have knowledge was disciplined, reprimanded, underwent remedial training, or received non-medically related counseling regarding Joseline or the Incident and, if so, identify:

a) each individual so disciplined, reprimanded, trained or counseled the name;

b) all persons or entities having knowledge of such facts communications or correspondence; and

c) all documents referring or relating to such communications or correspondence.

**INTERROGATORY NO. 7:**

Identify every person by name and address known to have witnessed or viewed the Incident or Joseline, the site of the Incident on May 20, 2005, or who may have information or knowledge of facts, events, or conditions constituting, relating or referring to the Incident, including but not limited to the names and addresses of all Students in the classroom where the Incident occurred, and identify:

a) all documents referring or relating to such facts or information.

**<u>INTERROGATORY NO. 8</u>:**

Describe what, where, and when the Incident took place, including but not limited to the relevant classroom, hallway, and locations inside and outside of the classroom, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**<u>INTERROGATORY NO. 9</u>:**

Identify, by name and address, each and every individual with decision making authority, responsibility, accountability, or obligation regarding the health and safety of Joseline while she was at school, and identify:

a) each individual's position of employment or agency;

b) the nature of said decision making authority, responsibility, accountability, or obligation; and

c) all documents referring or relating to such facts.

**<u>INTERROGATORY NO. 10</u>:**

State when and what you learned of and about the Incident, by what means of communication, from whom, what you did in response to that information and when, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**<u>INTERROGATORY NO. 11</u>:**

Identify each and every communication or correspondence, to or from any individual or entity, constituting, referring or relating to any complaint, accusation, charge of wrongdoing, or imputation of blame or guilt made to or against the Providence School Department, or any employee or agent thereof, regarding the health and safety of Students for the period September 1, 2003, to the present, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 12:**

Did the Providence School Department, including its employees, agents, or representatives ever develop and/or implement a health care and emergency plan for Joseline, and if so, identify who developed and/or implemented this plan, who the plan was shared with, how often the plan was updated, and whether or not the plan was followed both prior to and on the day of the Incident, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 13:**

Did the Providence School Department, including its employees, agents, or representatives ever make a referral for Joseline pursuant to Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. §794), and attendant federal regulations, and if so, identify who made and/or participated in this referral, who the information resulting from that referral was shared with, how often the referral was updated, and whether or not the information resulting from the referral was followed, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 14:**

If the answer(s) to either or both Interrogatory No. 12 or 13 is or are in the negative, state the reason(s) why, identify which individual(s) or entity(s) made that or those decisions, and also identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 15:**

Describe with particularity each and every action taken to protect the health and safety of Joseline relating to her medical condition(s) for the period September 1, 2003, to the day of the Incident, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 16:**

State each and every fact constituting, referring or relating to the following public statement released by the Providence School Department after the Incident:

> **The rumor that deceased Bridgham Middle School student Joseline Cuc...prior to her death was touched or physically harmed in an incident with another student is false;**

and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 17:**

State each and every fact constituting, referring or relating to the denial of paragraph 22 of the Complaint that "[i]mmediately prior to her death on May 20, 2005, Joseline became engaged in a physical confrontation" with "her science teacher, defendant Sey Sey Kamara, inside the science classroom at the Bridgham Middle School," and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 18:**

State each and every fact constituting, referring or relating to the denial of paragraph 25 of the Complaint that "[d]espite knowledge that Joseline suffered from a serious heart condition, Mr. Kamara did nothing to ensure Joseline's safety after he ejected her from the classroom," and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 19:**

State each and every fact constituting, referring or relating to the denial of paragraph 26 of the Complaint that "[a]fter receiving notification from Mr. Kamara that he ejected Joseline from his classroom, and despite knowledge of Joseline's serious heart condition, no one in the principal's office at the Bridgham Middle School did anything to check on the safety of Joseline," and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 20:**

State each and every fact constituting, referring or relating to the denial of paragraphs 44, 46, 47, 48, 49, 50 and 51 of Count I of the Complaint, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 21:**

State each and every fact constituting, referring or relating to the denial of paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61 and 62 of Count II of the Complaint, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 22:**

State each and every fact constituting, referring or relating to the denial of paragraphs 64, 65, 66, 67, 68, 69, and 70 of Count III of the Complaint, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 23**:

State each and every fact constituting, referring or relating to the denial of paragraphs 72 and 73 of Count IV of the Complaint, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 24:**

State each and every fact constituting, referring or relating to the denial of paragraph 75 of Count V of the Complaint, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.

**INTERROGATORY NO. 25:**

State each and every fact constituting, referring or relating to the denial of each Affirmative Defense alleged in the your Answer to the Complaint, and identify:

a) the name and address of all persons or entities having knowledge of such facts; and

b) all documents referring or relating to such facts.