**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO,** in her capacity as the Executrix of the Estate of Joseline Cuc, **LUIS DELEON,** Father of Joseline Cuc, and **ANA M. CUC,** Mother of Joseline (Plaintiffs) | : | C.A. NO. 06-502ML |
| vs | : | |
| **THE CITY OF PROVIDENCE, THE PROVIDENCE SCHOOL DEPARTMENT,** and **STEPHEN T. NAPOLITANO,** in his Capacity as Treasurer of the City of Providence, **DONNIE EVANS,** in his capacity as Superintendent of the Providence School Department, **MELODY A. JOHNSON,** individually and in her capacity as former Superintendent of the Providence School Department, **DINAH LARBI,** individually and in her capacity as Principal of Samuel W. Bridgham Middle School, **SAY SAY KAMARA,** individually and in his capacity as an employee of the Providence School Department, **DIANE MARTIN,** individually and in her capacities as an employee of the Providence School Department and School Nurse at the Bridgham Middle School, **JOHN AND JANE DOE,** individually and in their respective official capacities (Defendants) | : | |

**DEFENDANT CITY OF PROVIDENCE'S**
**MOTION FOR A PROTECTIVE ORDER**

Now comes the Defendant, City of Providence, pursuant to Rule 26(c) (4) of the Federal Rules of Civil Procedure, and moves for a protective order from Plaintiffs' Notice of Rule 30 (b) (6) deposition scheduled for January 31, 2008, seeking testimony of:

1. Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. § 794), and attendant federal regulations, regarding functional analysis of, and planning for health and safety issues related to students in the Providence Public Schools for the period September 1, 2003 through May 20, 2005.

2. Section 1.22 of the Rhode Island Department of Elementary and Secondary Education Rules and Regulations for School Health Programs, (the "State Regulations"), regarding "[i]individualized health services . . . to individual students who attend school within the community which are specific to the health needs of the individual student . . ."

3. Section 17.11.4 of the State Regulations regarding the "[p]rotocols or procedures . . . individualized emergency plan for a student at risk for anaphylaxis, asthmatic conditions and/or any other medical emergencies, as defined in section 1.12 herein."

As reasons therefore, the Defendant states that the subject matters in the above-described deposition notice lack the reasonable particularity required under Fed.R.Civ.P. 30(b)(6). The desired testimony essentially calls for recitation of federal and state statutes as opposed to presenting Defendant's position on subject matters. Defendant relies on its accompanying memorandum in support of said Motion.

DEFENDANT,
CITY OF PROVIDENCE,

By its Attorney:

JOSEPH M. FERNANDEZ
CITY SOLICITOR

/s/Kevin F. McHugh__________
KEVIN F. MCHUGH (#3927)
Senior Assistant City Solicitor
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (Fax)
Kevin_mc1950@hotmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO,** in her capacity as the Executrix of the Estate of Joseline Cuc, **LUIS DELEON,** Father of Joseline Cuc, and **ANA M. CUC,** Mother of Joseline (Plaintiffs) | : | C.A. NO. 06-502ML |
| vs | : | |
| **THE CITY OF PROVIDENCE, THE PROVIDENCE SCHOOL DEPARTMENT,** and **STEPHEN T. NAPOLITANO,** in his Capacity as Treasurer of the City of Providence, **DONNIE EVANS,** in his capacity as Superintendent of the Providence School Department, **MELODY A. JOHNSON,** individually and in her capacity as former Superintendent of the Providence School Department, **DINAH LARBI,** individually and in her capacity as Principal of Samuel W. Bridgham Middle School, **SAY SAY KAMARA,** individually and in his capacity as an employee of the Providence School Department, **DIANE MARTIN,** individually and in her capacities as an employee of the Providence School Department and School Nurse at the Bridgham Middle School, **JOHN AND JANE DOE,** individually and in their respective official capacities (Defendants) | : | |

**DEFENDANT CITY OF PROVIDENCES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

The Plaintiffs have filed a notice of deposition seeking testimony from the individual(s) with the most knowledge regarding the following:

1. Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. § 794), and attendant federal regulations, regarding functional analysis of, and planning for health and safety issues related to students in the

Providence Public Schools for the period September 1, 2003 through May 20, 2005.

2. Section 1.22 of the Rhode Island Department of Elementary and Secondary Education Rules and Regulations for School Health Programs, (the "State Regulations"), regarding "[i]individualized health services . . . to individual students who attend school within the community which are specific to the health needs of the individual student . . ."

3. Section 17.11.4 of the State Regulations regarding the "[p]rotocols or procedures . . . individualized emergency plan for a student at risk for anaphylaxis, asthmatic conditions and/or any other medical emergencies, as defined in section 1.12 herein."

The purpose of a Rule 30(b)(6) is to procure answers on a subject matter described "with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know." Alexander v. Federal Bureau of Investigation, et al., 186 F.R.D. 148, 152 (D.D.C. 1999). In the instant matter, the subject matters that Plaintiffs have set forth in their notice of deposition lack reasonable particularity. Further, Plaintiffs seek testimony that is overly broad and calls for answers that could amount to treatises. See LaPenna v. Upjohn Company, 110 F.R.D. 15, 21 (E.D.Pa. 1986), citing Williams v. Thomas Jefferson Univ., 54 F.R.D. 615, 616 (E.D.Pa. 1972). As in LaPenna, the breadth of Plaintiffs' deposition topics is troubling because there has been "no attempt to tailor them to the facts…in this case." Id.

Designees testifying at Rule 30(b)(6) depositions are required to testify as to facts within a corporation/entity's knowledge as well as its subjective beliefs and opinions. Id. at 20. Here, the subject matters of Plaintiffs' 30(b)(6) deposition would not elicit facts within the Defendant's knowledge or its beliefs or opinions. With regard to their desired Section 504 testimony, Plaintiffs have slightly narrowed their focus to "issues related to students in the Providence Public Schools for the period September 1, 2003 through May

20, 2005"; however, this topic is still overly broad because it seeks testimony "regarding functional analysis of, and planning for health and safety issues related to students" in this time period. As for Plaintiffs' second and third topics concerning state education regulations, they are even broader, requesting testimony regarding protocols and procedures set forth in these regulations. Further, the state regulation topics neither specify a time period nor any connection to the Defendant or the litigation at issue. Accordingly, any answers to said questions would be "so broad that needless time would [be] wasted in bringing the inquiry to the appropriate focus." Id.

Wherefore, Defendant prays that its Motion for a Protective Order be granted for all of the foregoing reasons.

DEFENDANT,
CITY OF PROVIDENCE,

By its Attorney:

JOSEPH M. FERNANDEZ
CITY SOLICITOR

/s/Kevin F. McHugh___________
KEVIN F. MCHUGH(#3927)
Senior Assistant City Solicitor
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (Fax)

**CERTIFICATION**

I hereby certify that on this 25th day of January, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document will be served by electronic mail upon:

Michael W. Long, Esquire
640 George Washington Highway
Lincoln, Rhode Island 02865

/s/ Kevin F.McHugh
Kevin F. McHugh