**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, et. al.*;* Plaintiffs | ) | C.A. No. 06-502ML |
| vs. | ) | |
| **THE CITY OF PROVIDENCE,** et. al.**;** Defendants | ) | |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES**
**<u>TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Federal and Local Rules 7 and 37, plaintiffs move to compel production of documents and supplemental written responses to Plaintiffs' First Request for Production of Documents.

Plaintiffs seek damages and declaratory judgment stemming from the alleged wrongful acts and omissions of defendants which caused the death of Joseline Cuc, ("Joseline"), a seventh grade student at the Samuel W. Bridgham Middle School, Providence, Rhode Island, on May 20, 2005. Joseline died after becoming involved in a physical altercation in a classroom at the Bridgham Middle School and then being left alone by the staff at the school for at least 18 minutes, despite the fact that her school nurse and principal knew Joseline suffered from a life-threatening heart condition.

The existence of documents sought by this Motion to Compel came to light during the depositions of the following witnesses, who testified that the documents may, should, or do exist: (1) defendant Dinah Larbi on January 18, 2008; (2) defendant Diane Martin on January 30, 2008; (3) Bridgham Middle School vice-principal Vilai Or on February 6, 2008; and, (4) Providence School Department Nurse Administrator Donna O'Connor on February 11, 2008.

Counsel for defendants left a telephone message for plaintiffs on February 20, 2008, "to comply with Magistrate Judge Almond's order to confer promptly" regarding issues outstanding on plaintiffs' third Motion to Compel. Counsel for defendants then mistakenly proceeded to address some of the documents which form the basis for this fourth Motion to Compel. Counsel for plaintiffs returned that telephone message the same day informing defendants of their mistake. Since then, defendants have not contacted plaintiffs in any manner regarding this outstanding discovery.

Where applicable, and for the convenience of the Court, plaintiffs have included defendants' representations made on February 20th regarding the status of documents at issue in this fourth Motion to Compel.

## INFORMATION SOUGHT BY PLAINTIFFS

### 1. Documents Relating to the Administration of Student Health Services

Plaintiffs' First Request for Production served on January 22, 2007, requested documents relating to virtually every aspect of the Providence School Department's administration of Student Health Services, as mandated by federal and state law. Those specific requests are attached hereto (p. 12) as Exhibit A.

Plaintiffs received defendants' initial response to the requests set out in Exhibit A on April 24, 2007, after plaintiffs filed their first Motion to Compel. Plaintiffs did not learn of the existence of additional responsive documents until the deposition of defendant Diane Martin on January 30, 2008.

Ms. Martin testified she participated in the administration of Student Health Services for the Providence School Department in 2003 as a member of a four nurse team reporting to assistant superintendent Dr. Frances Gallo. One purpose of this team was to ensure that the Providence School Department complied with state and federal requirements concerning

students, like Joseline, with serious health conditions. Ms. Martin testified that she resigned from the team three months after it formed because she felt the four nurse team was "not being allowed to do the work that we needed to do" by the Providence School Department.

Ms. Martin further testified that she believes written minutes of the meetings held with Dr. Gallo exist and she provided a written resignation to the Providence School Department upon leaving the team. Donna O'Connor, the current nurse administrator for the Providence School Department, and a member of the same four nurse team, testified at her February 11, 2008, deposition that written agendas for the meetings should also exist. Ms. O'Connor further testified that the Providence School Department abolished a formal nurse-administrator position just before forming the four nurse team in 2003, but reestablished the formal position after Joseline Cuc's death.

Plaintiffs served a subpoena on Dr. Frances Gallo, now the Superintendent of Schools in Central Falls, on February 1, 2008. In addition to scheduling Dr. Gallo's deposition, the subpoena asked for production of documents responsive to the administration of Student Health Services in the Providence School Department during her tenure. Dr. Gallo provided a written response to plaintiffs indicating "that upon leaving the employment of the City of Providence, all notes, files, documents, etc., pertaining to my work responsibilities were left in the office of Deputy Superintendent."

The administration of Student Health Services in Providence both before and after Joseline Cuc's death bears directly on whether defendants were complying with the requirements of federal and state law concerning health and emergency plans for students at risk of grave harm because of health conditions like Joseline's.

Plaintiffs wrote to defendants on January 31, February 5, February 8, and February 15, 2008, regarding this, and other outstanding, discovery. Defendants have yet to respond in

any manner to plaintiffs' requests for the following documents concerning the administration of Student health Services.

**P**laintiffs ask that the Court order defendants to produce documents regarding the Administration of Student Health Services in the Providence School Department from 2003 to the present, including but not limited to:

(a) changes instituted or contemplated in Student Health Services for this period;

(b) meetings, evaluations, proposals, and recommendations made by or through four nurse-teachers who assisted Dr. Gallo until July, 2005, and documents associated with Ms. O'Connor's duties after that period;

©) agendas and minutes of meetings held with Dr. Frances Gallo, Providence School Department Administrator of Student Health Services, and the nurse-teachers reporting to Dr. Gallo;

(d) defendant Diane Martin's resignation from her duties assisting Dr. Gallo;

(e) Dr. Gallo's "nursing binder with rules and regs..."; and,

(f) elimination of the Providence School Department's nurse administrator position in 2003, as well as the reestablishment of that position in 2005.

2. **Additional Documents Responsive to Request Nos. 34, 39, and 64, Plaintiffs' First Request for Production of Documents.**

**REQUEST NO. 34:**

All documents in the possession, custody, or control of the Providence School Department constituting, referring or relating to communications or other correspondence between any defendant, their agents, and any other individual or entity referring or relating to Joseline or the Incident.

**RESPONSE:**

Objection to the extent the request calls for documents protected by the attorney-client privilege and/or work product doctrine. Without waiving such objection, please see all documents provided pursuant to Federal Rule of Civil Procedure 26 mandating automatic discovery and in response to the public records request by plaintiffs' counsel in mid-2005.

PLAINTIFFS' POSITION

Defendants response to this request directed plaintiffs to "all documents provided pursuant to Federal Rule of Civil Procedure 26 mandating automatic discovery." Defendants did not provide any documents pursuant to the automatic disclosure provision of Rule 26. The parties agreed during their Rule 16 conference prior to meeting with the Court to proceed with discovery pursuant to Rules 33 and 34.

Plaintiffs filed their second Motion to Compel on October 12, 2007, asking for additional documents responsive to this request. Counsel for defendants represented in Defendants' Objection and Response to that motion that defendants "did not understand what documents the Plaintiffs are seeking to compel" as defendants had already "produced all documents not protected by attorney-client privilege or the work product doctrine."

Plaintiffs wrote to defendants on February 8 and 15, 2008, regarding the following additional documents responsive to this request. Defendants have yet to provide any documents. Plaintiffs request that defendants be ordered to provide documents responsive to the following specific subject matters:

**a. Documents Related to the R.I. State Medical Examiner's Request to the Providence School Department Regarding Joseline's Death.**

The Bridgham Middle School principal, defendant Dinah Larbi, testified at her January 18, 2008, deposition that she knew the Rhode Island Medical Examiner performed an investigation into Joseline's death. Ms. Larbi also testified that she: (1) did not know if the Providence School Department submitted any statements or other written materials to the medical examiner concerning that investigation; (2) never communicated with anyone from the medical examiner's office; and (3) had no knowledge of whether anyone from the Providence School Department did so.

Plaintiffs served a subpoena on the R.I. Medical Examiner on January 10, 2008.

In response to that subpoena, the medical examiner provided documents purportedly sent to them by defendant Dinah Larbi. Those documents indicate, among other things, that Dinah Larbi wanted to "check with the main office before sending paperwork" to the medical examiner regarding Joseline's death. Contrary to Ms. Larbi's sworn testimony, she provided the documents to the medical examiner on behalf of the Providence School Department via a fax cover sheet that defendants have never produced in this litigation.

The medical examiner's subpoena response also indicates that Ms. Larbi never provided their office with documents critical to their investigation of Joseline's death, including: (1) the statement from the other student involved in the physical altercation with Joseline; (2) the report from the Bridgham Middle School's nurse, defendant Diane Martin, regarding Joseline's death; or (3) the warning letter from Joseline's treating cardiologist, Dr. Lloyd Feit, dated October 18, 2004.

None of the documents defendants have previously provided to plaintiffs touch on who defendant Larbi received instructions from in the "main office" prior to responding to the request from the medical examiner, or anything else about the Providence School Department's response to the medical examiner.

Plaintiffs wrote to defendants on February 8 and 15, 2008, regarding this discovery. On February 20, 2008, counsel for defendants indicated in a telephone message that defendants have already produced all documents regarding this subject matter: "..the statements of the students...that's all there is." Defendants, however, have never been specific about which documents the Providence School Department provided to the medical examiner, nor have they provided any information at all as to who provided it. In fact, the subpoena response from the medical examiner indicates the Providence School Department provided the medical examiner with only some of the statements and other documents generated as a result of Joseline Cuc's

death.

Other than the message left by defendants' counsel on February 20, 2008, defendants have not responded in any other manner. Plaintiffs request that the Court order them to do so.

**b. <u>A Letter Provided to All Bridgham Middle School Students by Defendant Dinah Larbi After Joseline's death</u>.**

Defendant Dinah Larbi testified during her January 18, 2008, deposition that she provided a letter to all of the Bridgham Middle School Students concerning the death of Joseline Cuc. Plaintiffs wrote to defendants on February 8 and 15, 2008, regarding this letter. Other than a telephone message left by defendants' counsel on February 20, 2008, to the effect that counsel had requested the document from Ms. Larbi, defendants have not responded in any other manner. Plaintiffs request that the Court order them to do so.

**c. <u>Diane Martin's Statement Provided to the Bridgham Middle School Staff Regarding Joseline's Death</u>.**

Defendant Diane Martin testified at her January 30, 2008, deposition that she provided a statement to the staff at the Bridgham Middle School concerning the death of Joseline Cuc. Plaintiffs wrote to defendants on February 8 and 15, 2008, regarding this statement. Other than a telephone message left by defendants' counsel on February 20, 2008, to the effect that defendants cannot locate this statement. Defendants have not responded with a formal written response. Plaintiffs request that the Court order them to do so.

---

**<u>REQUEST NO. 39</u>:**

Any and all statements or reports taken of, or given or compiled by any party, witness or other person concerning the Incident, or any event or condition which may have caused or contributed the Incident.

**RESPONSE:**

Objection to the extent the request calls for documents protected by the attorney-client privilege and/or work product doctrine. Without waiving such objection, please see all documents provided pursuant to Federal Rule of Civil Procedure 26 mandating automatic discovery and in response to the public records request by plaintiffs' counsel in mid-2005.

PLAINTIFFS' POSITION

Blank forms provided by defendants in their initial document production indicate that it is the policy of the Providence School Department to generate certain reports after incidents like the one involving Joseline Cuc. The reports plaintiffs seek are entitled "Critical Incident Report" and "Accident Report"and correspond to Bates Nos. 967 and 968 from Defendants' Response to Plaintiffs' First Request for Production. Though defendant Dinah Larbi testified that she did not think anyone completed these forms regarding Joseline, plaintiffs' have not provided a formal written response as to whether or not corresponding documents specific to Joseline exist.

Plaintiffs wrote to defendants on February 8 and 15, 2008, regarding this statement. Counsel for defendants represented on February 20, 2008, that he has "requested" these documents from defendant Larbi. Plaintiffs have yet to receive them.

---

**REQUEST NO. 64:**

All documents not produced in response to Request Nos. 1 through 63, *supra*, referring or relating in any manner to Joseline's health, safety, or well being on or before the Incident.

**RESPONSE:**

Objection, overly broad and vague. Without waiving this objection, Defendants have already produced and hereby produce all documents in their possession that appear to be responsive to this request.

PLAINTIFFS' POSITION

Defendants objected to this request as being "overly broad and vague." Plaintiffs

did not press for a further response to this request in their second Motion to Compel based on defendants' representation that all responsive documents had been produced.

Plaintiffs learned more information during the recent depositions of defendants which enabled them to specifically request the following documents on February 8 and 15, 2008, thereby effectively rendering defendants' objections moot.

**a. Records of Prior Incidents Involving Joseline.**

Bridgham Middle School vice-principal Vilai Or testified on February 6, 2008, that a folder with documents concerning Joseline may exist in storage at the Bridgham Middle School. This folder should include standardized Discipline Referral Forms (which plaintiffs also specifically requested in their Second request for production of Documents) that defendant Sey Sey Kamara, the teacher who ejected Joseline form his classroom and ordered her to the principal's office on the day of her death, testified he filed concerning Joseline. Mr. Kamara testified, and his report of the incident on the day of Joseline died, indicates that he had "written her up for the same behavior a few times and nothing seems to have been done about it."

Defendant Dinah Larbi testified that she recalled at least one incident between Joseline and Mr. Kamara prior to her death. During this incident, Joseline is alleged to have called Mr. Kamara racial names and a teacher union representative become involved in trying to resolve the matter.

Plaintiffs wrote to defendants on February 8 and 15, 2008, regarding this discovery. Counsel for defendants represented on February 20, 2008, that responsive documents may be provided in response to previous requests concerning records from Joseline's guidance counselor, but that a signed release is required. Notwithstanding the propriety of demanding that release at this point in the litigation, plaintiffs already provided a release from Mrs. Cuc to the Providence School Department back on July 1, 2005.

Plaintiffs request that the Court order defendants to produce all responsive documents.

**b. Records Documenting Joseline's Early Release From School Due To Illness, Including Chest Pains, During the 2004-05 Academic Year**.

Defendant Diane Martin testified at her January 30, 2008, deposition that she released Joseline form school early at least twice due to illness, including after Joseline experienced chest pains, during the 2004-05 academic year. Ms. Martin further testified that in addition to any records she kept regarding these early releases, whomever came to the Bridgham Middle School to pick Joseline up would have signed a "book" kept in the "main office."

Plaintiffs wrote to defendants on February 8 and 15, 2008, regarding this statement. Counsel for defendants represented on February 20, 2008, that he has "requested" these documents from defendant Larbi. Plaintiffs have yet to receive them.

## CONCLUSION

This Court should grant the relief requested by plaintiffs.

---

Counsel for plaintiffs certifies that he has in good faith conferred or attempted to confer with counsel for defendants in an effort to secure the information sought by this motion without court intervention.

Dated: February 26, 2008

/s/Michael W. Long______________
Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310/(401) 333-0311 Fax

**CERTIFICATE OF SERVICE**

To:

Kevin F. Mchugh, Esq.
Sara A. Rapport, Esq.
City of Providence-Law Department
275 Westminster Street, Suite 200

Providence, RI 02903

I hereby certify that I electronically filed this Motion to Compel on the 26th day of February, 2008. This Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/Michael W. Long
Michael W. Long

## EXHIBIT A

**REQUEST NO. 1:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. §794), and attendant federal regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents.

**REQUEST NO. 2:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding the health program providing for "the organized direction and supervision of a healthful school environment...and services" pursuant to R.I.G.L. §16-21-7, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents.

**REQUEST NO. 3:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding the "comprehensive school safety plan regarding crisis intervention, emergency response, and management" pursuant to R.I.G.L. §16-21-23, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents.

**REQUEST NO. 4:**

All documents constituting, referring or relating to the adoption and enforcement of policies, procedures, practices, protocols, guidelines, customs and training pursuant to R.I.G.L. §16-21-24, for the period September 1, 2003, to the present.

RESPONSE:

None.

**<u>REQUEST NO. 5</u>:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding emergency or medical conditions "where the absence of immediate intervention could reasonably be expected to result in placing the student's health (or another student's health) in serious jeopardy; serious impairment to bodily or psychological functions; or serious dysfunction of any bodily organ or part" as defined in Section 1.12 of the of the Rhode Island Department of Elementary and Secondary Education Rules and Regulations for School Health Programs, (the "State Regulations"), for the period September 1, 2003, to the present.

<u>RESPONSE</u>:

Please see attached documents.

**<u>REQUEST NO. 6</u>:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted to determine the "Health" of Students, as defined in Section 1.18 of the State Regulations, for the period September 1, 2003, to the present.

<u>RESPONSE</u>:

Please see attached documents.

**<u>REQUEST NO. 7</u>:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding "[i]ndividualized health services...to individual Students who attend school within the community which are specific to the health needs of the individual student..." pursuant to Section 1.22 of the State Regulations, for the period September 1, 2003, to the present.

<u>RESPONSE</u>:

Please see response to Request No. 6.

**<u>REQUEST NO . 8</u>:**

The "manual" pursuant to Section 2.2 of the State Regulations pertaining to the "procedures (protocols) governing health education, health services and a healthful school environment...available at the Superintendent's office and at each school...within the district" in effect from September 1, 2003, to the present.

<u>RESPONSE</u>:

Please see response to Request Nos. 2, 5, & 6.

**REQUEST NO. 10:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding the "referrals" of "students suspected or identified as having special health needs" pursuant to Section 8.1.5 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents and response to Request No. 1.

**REQUEST NO. 11:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding "Health Records" containing information on "treatment plan[s]" pursuant to Section 14.1.1, *et. seq.*, of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Objection. Request is vague; moreover the Rhode Island Rules and regulations for School Health programs do not contain a regulation "14.11".

PLAINTIFFS POSITION:

Plaintiffs informed defendants' counsel on more than one occasion, including in plaintiffs second Motion to Compel, that regulation number "14.11" was a typographical error. Defendants response to that Motion to Compel indicated that defendants had already produced all responsive documents.

**REQUEST NO. 12:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding Section 17.1 through 17.1.2 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see response to Request No. 6.

**REQUEST NO. 13:**

All documents constituting, referring or relating to the "written protocols and standing orders" pursuant to Section 17.1 through 17.1.2 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

This is the same request as request No. 12. Please see response to request No. 6.

**REQUEST NO. 14:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding Section 17.2 through 17.2.3 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see response to Request No. 6.

**REQUEST NO. 15:**

All documents constituting, referring or relating to the "written protocols and standing orders" pursuant to Section 17.1, *et. seq.*, of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see response to Request No. 6.

**REQUEST NO. 16:**

All documents constituting, referring or relating to the "written report" required by Section 17.11.1 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents and response to request No. 6.

**REQUEST NO. 17:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding "emergency information" pursuant to Sections 17.11.3 and 17.11.3.5 of the State Regulations, for the period September 1, 2003, to the present, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents and responses to request Nos. 6 and 16.

**<u>REQUEST NO. 18</u>:**

All documents constituting, referring or relating to "[p]rotocols or procedures...[for] an individualized emergency plan for a student at risk for anaphylaxis, asthmatic conditions and/or any other medical emergencies, as defined in section 1.12 [of the State Regulations]" pursuant to Section 17.11.4 of the State Regulations, for the period September 1, 2003, to the present.

<u>RESPONSE</u>:

Please see response to Request No. 6.

**<u>REQUEST NO. 32</u>:**

All documents constituting, referring or relating to reports, compilations, discussions, or communications constituting complaints or accusations from or to any individual or entity regarding the health and safety of Students requiring emergency or other immediate care from September 1, 2003, to the present.

<u>RESPONSE</u>:

None.

**<u>REQUEST NO. 64</u>:**

All documents not produced in response to Request Nos. 1 through 63, *supra*, referring or relating in any manner to Joseline's health, safety, or well being on or before the Incident.

<u>RESPONSE</u>:

Objection, overly broad and vague. Without waiving this objection, Defendants have already produced and hereby produce all documents in their possession that appear to be responsive t this request.

<u>PLAINTIFFS' POSITION</u>:

Plaintiffs objected to this request as being "overly broad and vague." Plaintiffs did not press for a further response to this request in their second Motion to Compel based on defendants' representation that all responsive documents had been produced.

Plaintiffs learned more information during the recent depositions of defendants which enabled them to specifically request the following documents on February 8 and 15, 2008, thereby effectively rendering defendants' objections moot.