**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, et. al.*;* )
Plaintiffs ) C.A. No. 06-502ML
)
vs. )
)
**THE CITY OF PROVIDENCE,** et. al.**;** )
Defendants )

**PLAINTIFFS' NOTICE OF WITHDRAWAL OF MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

On February 26, 2008, plaintiffs filed a Motion to Compel Responses to Requests for Production of Documents. Since that date, defendants have provided responses sufficient enough to essentially render that Motion to Compel moot.

For this reason, plaintiffs request that the Court allow withdrawal of the Motion to Compel filed on February 26, 2008.

Dated: March 20, 2008

/s/Michael W. Long______________
Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310/(401) 333-0311 Fax

**CERTIFICATE OF SERVICE**

To:

Kevin F. Mchugh, Esq.
Sara A. Rapport, Esq.
City of Providence-Law Department
275 Westminster Street, Suite 200

Providence, RI 02903

I hereby certify that I electronically filed this Motion to Compel on the 20th day of March, 2008. This Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/Michael W. Long
Michael W. Long

**EXHIBIT A**

**REQUEST NO. 1:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. §794), and attendant federal regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents.

**REQUEST NO. 2:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding the health program providing for "the organized direction and supervision of a healthful school environment...and services" pursuant to R.I.G.L. §16-21-7, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents.

**REQUEST NO. 3:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding the "comprehensive school safety plan regarding crisis intervention, emergency response, and management" pursuant to R.I.G.L. §16-21-23, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents.

**REQUEST NO. 4:**

All documents constituting, referring or relating to the adoption and enforcement of policies, procedures, practices, protocols, guidelines, customs and training pursuant to R.I.G.L. §16-21-24, for the period September 1, 2003, to the present.

RESPONSE:

None.

**REQUEST NO. 5:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding emergency or medical conditions "where the absence of immediate intervention could reasonably be expected to result in placing the student's health (or another student's health) in serious jeopardy; serious impairment to bodily or psychological functions; or serious dysfunction of any bodily organ or part" as defined in Section 1.12 of the of the Rhode Island Department of Elementary and Secondary Education Rules and Regulations for School Health Programs, (the "State Regulations"), for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents.

**REQUEST NO. 6:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted to determine the "Health" of Students, as defined in Section 1.18 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents.

**REQUEST NO. 7:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding "[i]ndividualized health services...to individual Students who attend school within the community which are specific to the health needs of the individual student..." pursuant to Section 1.22 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see response to Request No. 6.

**REQUEST NO . 8:**

The "manual" pursuant to Section 2.2 of the State Regulations pertaining to the "procedures (protocols) governing health education, health services and a healthful school environment...available at the Superintendent's office and at each school...within the district" in effect from September 1, 2003, to the present.

RESPONSE:

Please see response to Request Nos. 2, 5, & 6.

**<u>REQUEST NO. 10</u>:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding the “referrals” of “students suspected or identified as having special health needs” pursuant to Section 8.1.5 of the State Regulations, for the period September 1, 2003, to the present.

<u>RESPONSE</u>:

Please see attached documents and response to Request No. 1.

**<u>REQUEST NO. 11</u>:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding “Health Records” containing information on “treatment plan[s]” pursuant to Section 14.1.1, *et. seq.*, of the State Regulations, for the period September 1, 2003, to the present.

<u>RESPONSE</u>:

Objection. Request is vague; moreover the Rhode Island Rules and regulations for School Health programs do not contain a regulation “14.11".

<u>PLAINTIFFS POSITION</u>:

Plaintiffs informed defendants’ counsel on more than one occasion, including in plaintiffs second Motion to Compel, that regulation number “14.11" was a typographical error. Defendants response to that Motion to Compel indicated that defendants had already produced all responsive documents.

**<u>REQUEST NO. 12</u>:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding Section 17.1 through 17.1.2 of the State Regulations, for the period September 1, 2003, to the present.

<u>RESPONSE</u>:

Please see response to Request No. 6.

**<u>REQUEST NO. 13</u>:**

All documents constituting, referring or relating to the “written protocols and

standing orders" pursuant to Section 17.1 through 17.1.2 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

This is the same request as request No. 12. Please see response to request No. 6.

**REQUEST NO. 14:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding Section 17.2 through 17.2.3 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see response to Request No. 6.

**REQUEST NO. 15:**

All documents constituting, referring or relating to the "written protocols and standing orders" pursuant to Section 17.1, *et. seq.*, of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see response to Request No. 6.

**REQUEST NO. 16:**

All documents constituting, referring or relating to the "written report" required by Section 17.11.1 of the State Regulations, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents and response to request No. 6.

**REQUEST NO. 17:**

All documents constituting, referring or relating to the policies, procedures, practices, protocols, guidelines, customs and training received, utilized, employed or conducted regarding "emergency information" pursuant to Sections 17.11.3 and 17.11.3.5 of the State Regulations, for the period September 1, 2003, to the present, for the period September 1, 2003, to the present.

RESPONSE:

Please see attached documents and responses to request Nos. 6 and 16.

**<u>REQUEST NO. 18</u>:**

All documents constituting, referring or relating to "[p]rotocols or procedures...[for] an individualized emergency plan for a student at risk for anaphylaxis, asthmatic conditions and/or any other medical emergencies, as defined in section 1.12 [of the State Regulations]" pursuant to Section 17.11.4 of the State Regulations, for the period September 1, 2003, to the present.

<u>RESPONSE</u>:

Please see response to Request No. 6.

**<u>REQUEST NO. 32</u>:**

All documents constituting, referring or relating to reports, compilations, discussions, or communications constituting complaints or accusations from or to any individual or entity regarding the health and safety of Students requiring emergency or other immediate care from September 1, 2003, to the present.

<u>RESPONSE</u>:

None.

**<u>REQUEST NO. 64</u>:**

All documents not produced in response to Request Nos. 1 through 63, *supra*, referring or relating in any manner to Joseline's health, safety, or well being on or before the Incident.

<u>RESPONSE</u>:

Objection, overly broad and vague. Without waiving this objection, Defendants have already produced and hereby produce all documents in their possession that appear to be responsive t this request.

<u>PLAINTIFFS' POSITION</u>:

Plaintiffs objected to this request as being "overly broad and vague." Plaintiffs did not press for a further response to this request in their second Motion to Compel based on defendants' representation that all responsive documents had been produced.

Plaintiffs learned more information during the recent depositions of defendants which enabled them to specifically request the following documents on February 8 and 15, 2008,

thereby effectively rendering defendants' objections moot.