**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO**, *in her capacity as the Executrix of the Estate of Joseline Cuc*, et. al.*;* | ) | |
| Plaintiffs | ) | C.A. No. 06-502ML |
| vs. | ) | |
| **THE CITY OF PROVIDENCE,** et. al.**;** | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RULE 21 MOTION TO ADD MARIA ENCARNACION AND DROP WANDA ESCOBEDO AS PARTIES**

Plaintiffs move pursuant to Local Rule 7 and F.R.C.P. 21, to add Maria Encarnacion as a party-plaintiff and drop Wanda Escobedo as a party to this action as the Providence Probate Court has appointed Maria Encarnacion as Administratrix d.b.n. for the Estate of Joseline J. Cuc.

**Facts**

1. Plaintiffs filed suit in this wrongful death and §1983 action in Providence County Superior Court on October 31, 2006. Defendants removed the action to this Court on November 17, 2006.

2. When filing the complaint, counsel for plaintiffs understood from the office of referring counsel that the Providence Probate Court appointed Wanda Escobedo as Executrix of the Estate of Joseline C. Cuc, (the "Estate"). Based on those representations, plaintiffs filed their complaint naming Wanda Escobedo as lead plaintiff in her capacity as Executrix of the Estate.

4. On March 5, 2008, counsel for plaintiffs first learned that the Providence Probate Court actually appointed Ana Maria Cuc, mother of Joseline Cuc, as Administratrix of the Estate. A true and accurate copy of the certificate of appointment for Ana Maria Cuc by the

Providence Probate Court, which plaintiffs' counsel received on March 5, 2008, is attached hereto as Exhibit 1.

5. At the request and with the consent of plaintiffs Ana Maria Cuc and Luis DeLeon, Joseline Cuc's father, plaintiffs' counsel instructed probate attorney Paul Brule to take steps to replace Ana Maria Cuc as Administratrix of the Estate.

6. On May 6, 2008, the Providence Probate Court appointed Maria Encarnacion as Administratrix d.b.n. of the Estate. A certified copy of Ms. Encarnacion's appointment certificate issued by the Providence Probate Court is attached hereto as Exhibit 2.

**Plaintiffs' Position**

Due to administrative error and erroneous communication between counsel for plaintiffs, the Estate's probate attorney, and referring counsel, plaintiffs incorrectly named Wanda Escobedo as lead plaintiff in her capacity as Executrix of the Estate.

Upon discovery of the error, plaintiffs promptly notified defendants and initiated steps to appoint a neutral third-party as the legal representative of the Estate. The Providence Probate Court has now appointed Maria Encarnacion as Administratrix d.b.n. of the Estate. As such, Maria Encarnacion is the correct person to proceed as lead plaintiff in this case alleging, *inter alia*, the wrongful death of twelve-year-old Joseline Cuc pursuant to R.I.G.L. §10-7-2.[1]

F.R.C.P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party..." This Court has previously recognized the propriety of both adding and dropping parties in appropriate circumstances pursuant to F.R.C.P. 21. Lawrence Builders v.

[1] **10-7-2 Persons who may bring actions...** Every action under this chapter, other than one brought under § 10-7-1.2, shall be brought by and in the name of the executor or administrator of the deceased person...

Kolodner, 414 F.Supp.2d 134 (D.R.I. 2006); City of Manchester v. National Gypsum Co., 637 F.Supp. 646, 657 (D.R.I. 1986)("The primary function of Rule 21 is to avoid multiple litigation and to promote liberal joinder of parties").

Appropriate circumstances obtain here. Defendants will suffer no prejudice and this case will not be unduly delayed if this Court grants the relief requested by plaintiffs. As the bona fide representative of the Estate, Maria Encarnacion is a necessary party to this case.

For these reasons, plaintiffs request that the Court add Maria Encarnacion as a party-plaintiff and drop Wanda Escobedo as a party to this action.

**Conclusion**

For just cause, this Court should grant plaintiffs' motion.

Dated: May 12, 2008

/s/Michael W. Long______________

Michael W. Long, No. 5455
Attorney at Law, P.C.
Attorney for Plaintiffs
640 George Washington Highway
Lincoln, RI 02865
(401) 333-0310/(401) 333-0311 Fax

**CERTIFICATE OF SERVICE**

To:

Kevin F. Mchugh, Esq.
City of Providence-Law Department
275 Westminster Street, Suite 200
Providence, RI 02903

I hereby certify that I electronically filed this Memorandum in Support on the 12th day of May, 2008. This Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/Michael W. Long
Michael W. Long