**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WANDA ESCOBEDO,** in her capacity as the Executrix of the Estate of Joseline Cuc, **LUIS DELEON,** Father of Joseline Cuc, and **ANA M. CUC,** Mother of Joseline (Plaintiffs) | : | C.A. NO. 06-502ML |
| vs | : | |
| **THE CITY OF PROVIDENCE, THE PROVIDENCE SCHOOL DEPARTMENT,** and **STEPHEN T. NAPOLITANO,** in his Capacity as Treasurer of the City of Providence, **DONNIE EVANS,** in his capacity as Superintendent of the Providence School Department, **MELODY A. JOHNSON,** individually and in her capacity as former Superintendent of the Providence School Department, **DINAH LARBI,** individually and in her capacity as Principal of Samuel W. Bridgham Middle School, **SAY SAY KAMARA,** individually and in his capacity as an employee of the Providence School Department, **DIANE MARTIN,** individually and in her capacities as an employee of the Providence School Department and School Nurse at the Bridgham Middle School, **JOHN AND JANE DOE,** individually and in their respective official capacities (Defendants) | : | |

**MOTION OF DEFENDANTS FOR LEAVE TO AMEND DEFENDANTS' ANSWER TO THE COMPLAINT**

Now comes the Defendant, Melody A. Johnson, Dinah Larbi, Say Say Kamara and Diane Martin pursuant to Rule 15 of the Federal Rules of Civil Procedure, and moves for leave to amend Defendants' Answer to Plaintiffs' Complaint to assert the additional affirmative defense of qualified immunity with respect to the claims asserted

against Defendants Johnson, Larbi, Kamara and Martin pursuant to § 42 U.S.C. 1983. in the form and manner attached hereto.

As reason therefore, Defendant states that it intended to assert the affirmative defense of qualified immunity in the Answer to Plaintiffs' Complaint, and failure to do so was an oversight recently discovered. Defendants rely on their accompanying memorandum in support of said Motion.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com

**Certificate of Service**

I hereby certify that on this 16th day of May, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document will be served by electronic mail upon:

Michael W. Long, Esquire
640 George Washington Highway
Lincoln, Rhode Island 02865

/s/ Kevin F.McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WANDA ESCOBEDO,** in her capacity as the Executrix of the Estate of Joseline Cuc, **LUIS DELEON,** Father of Joseline Cuc, and **ANA M. CUC,** Mother of Joseline
(Plaintiffs)

v.

**THE CITY OF PROVIDENCE, THE PROVIDENCE SCHOOL DEPARTMENT,** and **STEPHEN T. NAPOLITANO,** in his Capacity as Treasurer of the City of Providence, **DONNIE EVANS,** in his capacity as Superintendent of the Providence School Department, **MELODY A. JOHNSON,** individually and in her capacity as former Superintendent of the Providence School Department, **DINAH LARBI,** individually and in her capacity as Principal of Samuel W. Bridgham Middle School, **SAY SAY KAMARA,** individually and in his capacity as an employee of the Providence School Department, **DIANE MARTIN,** individually and in her capacities as an employee of the Providence School Department and School Nurse at the Bridgham Middle School, **JOHN AND JANE DOE,** individually and in their respective official capacities
(Defendants)

C.A. NO. 06-502ML

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MELODY A. JOHNSON, DINAH LARBI, SAY SAY KAMARA AND DIANE MARTIN'S MOTION FOR LEAVE OF COURT TO AMEND THEIR ANSWER TO PLAINTIFFS' COMPLAINT**

Now comes the Defendants Melody A. Johnson, Dinah Larbi, Say Say Kamara and Diane Martin, and in accordance with Rule 15 of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for leave to amend Defendants' Answer to Plaintiffs' Complaint to assert an additional affirmative defense of qualified immunity

with respect to the claims asserted against Defendants Johnson, Larbi, Kamara and Martin pursuant to 42 U.S.C. § 1983. "Qualified immunity 'provides a safe harbor for public officials acting under the color of state law who would otherwise be liable under 42 U.S.C. § 1983 for infringing the constitutional rights of private parties.' " Borges Colón v. Román-Abreu, 438 F.3d 1, 18 (1st Cir.2006) (quoting Whitfield v. Meléndez-Rivera, 431 F.3d 1, 6 (1st Cir.2005)).

Rule 15 of the Federal Rules of Civil Procedure provides that "The court should freely give leave when justice so requires." This rule has been interpreted to mean that permission to amend, though within a district court's discretion, shall be granted liberally and not denied without good reason. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Colemenares Vivas v. Sun Alliance Insurance Company, 807 F.2d 1102, 1108 (1st Cir. 1986). As the Court held in Foman:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Id.

Here, this is the first instance in which the Defendants have sought to amend its Answer for any reason. The Defendants seek to amend the Answer at this juncture not out of bad faith or dilatory motive, but due to oversight. The undersigned counsel was not the attorney who initially represented them and who answered the Complaint. In reviewing the pleadings recently, the undersigned realized that the affirmative defense of

qualified immunity was never raised in Defendants' answer. Further, the Defendants maintain that Plaintiffs will not be prejudiced by the amendment, as the parties are still in the discovery phase; no dispositive motions have been filed. The Affirmative Defense of Qualified Immunity does not require any additional discovery or even additional facts.

WHEREFORE, for the reasons stated herein, the Defendants respectfully request that this Honorable Court grant its motion for leave of court to allow it to amend Defendants' Answer to Plaintiff's' Complaint and assert the additional affirmative defense of qualified immunity as to Defendants Johnson, Larbi, Kamara and Martin with respect to the claims asserted against them under 42 U.S.C. § 1983.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com

**Certificate of Service**

I hereby certify that on this 16th day of May, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document will be served by electronic mail upon:

Michael W. Long, Esquire
640 George Washington Highway
Lincoln, Rhode Island 02865

/s/ Kevin F.McHugh
Kevin F. McHugh